Submitted on record and briefs June 19, affirmed August 1, reconsideration denied September 27, 1978, petition for review denied January 30, 1979

STATE OF OREGON, *Respondent,*
*v.*
DAVID S. MARTINEZ, *Appellant.*
(No. 75-4020, CA 9783, No. 76-2131, CA 9784)
(Consolidated cases)
581 P2d 955

Robert J. McCrea, and Morrow & McCrea, P.C., Eugene, filed the brief for appellant.

James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and Scott McAlister, Assistant Attorney General, Salem, filed the brief for respondent.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

The issue presented by these consolidated appeals is whether a defendant may appeal the excessiveness of a sentence ordered into effect following the revocation of his probation when the trial court order imposed the sentence at the time defendant was convicted, but suspended its execution and placed the defendant on probation.

Defendant was tried and convicted of first-degree theft in February, 1976. At that time the trial court sentenced him to 5 years' imprisonment, but suspended execution of sentence and placed him on probation for five years. In May, 1976, defendant pleaded guilty to a charge of theft in the first degree which arose prior to February, 1976. The trial court sentenced him to five years' imprisonment, but suspended execution of sentence and placed him on probation for five years. In November, 1977, after a revocation hearing, defendant was found to have violated the conditions of both of the probation orders. The trial court ordered defendant's probation revoked in both instances, thus ordering executed the two five-year terms of imprisonment.

On appeal, defendant contends that the two five-year terms of imprisonment imposed are excessive. We do not reach this contention, however, because we hold that defendant cannot now raise this issue on appeal. At the time that defendant was sentenced in February, 1976, following his trial, the general statute governing defendants' appeals in criminal cases, ORS 138.040, provided:

> "The defendant may appeal to the Court of Appeals from a *judgment on a conviction* in a circuit court; and upon an appeal, any decision of the court in an intermediate order or proceeding may be reviewed. *A judgment suspending imposition or execution of sentence or placing a defendant on probation shall be deemed a judgment on a conviction and shall not be subject to appeal after expiration of the time specified in ORS*

*138.071* except as may be provided in ORS 138.050 and 138.510 to 138.680." (Emphasis supplied.)

ORS 138.071 provides that an appeal must be filed within 30 days after judgment. At the time that defendant was sentenced in May, 1976, following his plea of guilty, ORS 138.050 provided:

"A defendant who has pled guilty or no contest may take an appeal from a *judgment on conviction* where it imposes an excessive fine or excessive, cruel or unusual punishment * * *." (Emphasis supplied.)

The italicized portion of ORS 138.040 defines "judgment on a conviction" as including an order suspending execution of sentence and requires that a defendant placed on probation in such an order must appeal from the order within 30 days. The sentence received by a defendant in the course of an order suspending execution of a sentence and placing him on probation is a final order, at least for the purposes of appellate review. Thus, it is logical to conclude that the order imposing the sentence must be appealed from within 30 days of the date of the order and not at some later date. *See State v. Gates,* 230 Or 84, 93, 368 P2d 605 (1962). The 1977 amendments to ORS 138.040 and 138.050 did not change those statutes in any particular here relevant.

In view of the foregoing, we conclude that the defendant cannot, at this time, appeal the excessiveness of the sentences imposed by the trial court orders of February and May, 1976.[1] Such an appeal should have been taken at the time the sentences were imposed and their execution suspended. The mere fact that defendant designated, in his Notice of Appeal, the November, 1977, order as the order from which appeal is taken cannot permit him to evade the statutory requirement that appeal from a sentence be taken

---

[1] We do not imply that defendant could not have appealed from the trial court order of November, 1977, on the ground that his probation was improperly revoked. Our decision herein is limited solely to the issue of whether defendant may appeal the excessiveness of the sentence imposed by the original orders.

within 30 days of a judgment on a conviction in which sentence has been imposed but execution suspended.

Affirmed.