Argued and submitted October 22, 1979,
reversed and remanded January 14, 1980

## STATE OF OREGON,
*Respondent,*
*v.*
## HARLAN JAY WINTERS,
*Appellant.*

(No. 76-2049, CA 14820)

605 P2d 293

Donald S. Kelley, Roseburg, argued the cause for appellant. With him on the brief was Luoma, Kelley & Wolke, Roseburg.

Christian Van Dyke, Assistant Attorney General, argued the cause for respondent. On the brief were James A. Redden, Attorney General, Walter L. Barrie, Solicitor General, and Michael J. Francis, Assistant Attorney General, Salem.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

LEE, J.

**LEE, J.**

Defendant appeals from an order revoking his probation, contending that there was insufficient evidence to sustain the revocation. On September 16, 1976, defendant was indicted in Douglas County on three counts: (1) sodomy in the first degree; (2) coercion; and (3) assault in the third degree.[1] Defendant pled guilty to the charge of assault; the other charges were dismissed. On February 22, 1977, defendant was sentenced to one year in jail, but execution of sentence was suspended; defendant was placed on probation for three years, subject to the following conditions: (1) that he have absolutely no contact whatsoever with any person or persons under the age of fifteen years;[2] (2) that he serve thirty days in the Douglas County Jail; and (3) that he abide by the standard terms and conditions of probation.

In February, 1979, defendant's probation officer informed defendant that he had received information from defendant's ex-wife that defendant had visited her against the officer's previous instructions.[3] At this time, defendant told his probation officer that he was seeing a woman who had a four-year-old child and was thinking about marrying her. The probation officer informed defendant that this was a violation of his probation.

A hearing was commenced on April 25, 1979, which was continued to June 26, 1979, for the purpose of determining whether defendant's probation should be revoked. The state's grounds for revocation were (1) that defendant continued to see his ex-wife against

---

[1] Apparently, the alleged victim of these crimes was the minor child of a woman with whom defendant was living.

[2] Because defendant did not challenge the validity of this condition after the sentencing order or on this appeal, we decline to comment on this condition and note that a defendant may not challenge conditions of probation after the time to appeal the sentencing order has run. *State v. Martinez,* 35 Or App 381, 581 P2d 955 (1978), *rev den* 285 Or 73 (1979).

[3] Apparently, an altercation occurred in December, 1978, between defendant and his ex-wife.

[11]

the instructions of the probation officer and (2) that defendant was seeing a woman with a four-year-old child in violation of à condition of his probation.

In ordering revocation of defendant's probation and execution of sentence, the court stated:

"The Court finds that the probation conditions have in fact been violated. The Court is of the opinion that either single episode by itself probably would not warrant the revocation of the probation, but taken together and considering the circumstances that led to the probation in the first place, the Court believes the more credible evidence to be that he has in fact associated with a four year old child not related to him in violation of the intent of the probation order. This child apparently was a prospective step-child of his and step-children were victims of the crime in question. Under these circumstances, I find that the clear purpose of the probation order was violated and intentionally so, and the sentence heretofore granted to this Defendant should be and is hereby ordered executed."

As we read this order, the court revoked defendant's probation on the basis of a finding that he was associating with a four-year-old child in violation of a condition of his probation. At the hearing, the probation officer testified that defendant was seeing a woman who had a four-year-old child. This statement provided the only possible evidence that defendant was associating with a child in violation of his probation order. The officer did not testify as to any particulars of this association; he merely repeated what defendant had told him at the February meeting.

"Probation is granted, withheld or revoked in the exercise of the judicial discretion of the trial judge." *Barker v. Ireland,* 238 Or 1, 4, 392 P2d 769 (1964). Under the facts of this case, the court abused its discretion in revoking defendant's probation.

Reversed and remanded.