Submitted on remand from the Oregon Supreme Court December 11, 2001, order of suppression vacated and remanded February 13, 2002

## STATE OF OREGON,
*Appellant,*

*v.*

## FROYLAN CRUZ-AGUIRRE,
*Respondent.*

95CR3094FE; A97471

40 P3d 560

Hardy Myers, Attorney General, Virginia L. Linder, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General, for appellant.

Sally L. Avera, Public Defender, and Diane L. Alessi, Deputy Public Defender, for respondent.

Before Edmonds, Presiding Judge, and Deits, Chief Judge,* and Armstrong, Judge.

PER CURIAM

---

* Deits, C. J., *vice* Warren, P. J., retired.

## PER CURIAM

The state appeals a trial court order suppressing evidence in this prosecution for delivery and possession of a controlled substance. The trial court held that the officer violated ORS 810.410(3)(b) before he obtained defendant's consent to a search of his vehicle. We originally reversed the order of suppression on the ground that, under ORS 136.432, a violation of ORS 810.410(3)(b) does not lead to the suppression of evidence obtained as a result of the violation. *State v. Cruz-Aguirre*, 158 Or App 15, 972 P2d 1206 (1999). The Supreme Court thereafter vacated our decision and remanded the case for reconsideration in light of *State v. Fugate*, 332 Or 195, 26 P3d 802 (2001). *State v. Cruz-Aguirre*, 332 Or 627, 34 P3d 166 (2001).

Under *Fugate*, ORS 136.432 violates Article I, section 21, of the Oregon Constitution, to the extent that it applies to crimes committed before the statute's effective date, as was defendant's alleged offense. 332 Or at 214-15. We therefore erred in reversing the order of suppression outright. In *State v. Toevs*, 327 Or 525, 964 P2d 1007 (1998), which was decided after the trial court decision in this case, the Supreme Court established the analysis that a court should use in determining whether there was a violation of ORS 810.410(3)(b). We vacate the order of suppression and remand for the trial court to engage in that analysis. If it again finds a violation, it shall re-enter the order; if it does not, it shall enter an order denying the motion to suppress.

Order of suppression vacated and remanded.