On appellant's petition for reconsideration filed March 2, reconsideration allowed; former opinion (197 Or App 496, 106 P3d 670) modified and adhered to as modified May 18, 2005

STATE OF OREGON,
*Respondent,*

*v.*

OSCAR IGNACIO GUTIERREZ,
*Appellant.*

010735026; A119840

112 P3d 433

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Jennelle Meeks Barton, Deputy Defender, Office of Public Defense Services, for petition.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

BREWER, C. J.

**BREWER, C. J.**

Defendant petitions for reconsideration of our previous opinion in this case. *State v. Gutierrez*, 197 Or App 496, 106 P3d 670 (2005). Specifically, he asks that we reconsider our rejection of his assignment of error asserting that the trial court imposed a departure sentence in violation of *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004). We allow reconsideration, modify our former opinion and adhere to it as modified.

Defendant was convicted of four offenses. At sentencing, the trial court imposed a five-year term of probation for Count 4, which defendant did not challenge on appeal. For Count 3, the presumptive sentence was 18 months' probation. The trial court imposed an upward departure sentence of 36 months' probation, which defendant challenged on the ground that the departure was based on facts not proved to the jury beyond a reasonable doubt. We declined to exercise our discretion to review the unpreserved assignment of error, concluding that, because defendant did not challenge the concurrent five-year probationary term, "remanding for resentencing on Count 3 would have no practical effect; either way, defendant is subject to a five-year probationary term." *Gutierrez*, 197 Or App at 506. We held that any error in imposing the sentence on Count 3 was harmless. *Id.* at 506-07.

In his petition for reconsideration, defendant points out that sanctions for probation violations are potentially more severe if the probationer is serving multiple probationary terms. In particular, a probation court may impose consecutive sanctions on revocation of separate probations if a probationer commits multiple violations of probation. OAR 213-012-0040(2)(b). Defendant also notes that, at the time of a probation revocation hearing, it would be too late for him to challenge the imposition of the departure sentence.[1] *See* ORS 138.071 (appeal must be taken within 30 days after the judgment appealed from was entered); *State v. Martinez*, 35 Or App 381, 384, 581 P2d 955 (1978), *rev den*, 285 Or 73 (1979)

---

[1] Defendant makes other arguments, which we reject without discussion.

(dismissing appeal of allegedly excessive sentence taken after probation violation proceeding rather than at the time of the original sentencing).

Although the points that defendant makes are accurate, we nevertheless conclude that, because of the speculative nature of the harm, and because defendant himself controls the risk that any harm will occur, the error that defendant asserts is not sufficiently grave to warrant exercising our discretion to disregard the ordinary preservation requirements. In order for defendant to be adversely affected, two uncertain events must occur. First, defendant must commit multiple probation violations between the nineteenth and thirty-sixth month of his probationary period. *See* OAR 213-012-0040(2)(a) ("If more than one term of probationary supervision is revoked for a *single* supervision violation, the sentencing judge shall impose the incarceration sanctions *concurrently*." (Emphasis added.)). Second, the court imposing sanctions would have to choose to impose consecutive rather than concurrent sanctions. *See* OAR 213-012-0040(2)(b) ("If more than one term of probationary supervision is revoked for separate supervision violations, the sentencing judge *may* impose the incarceration sanctions concurrently or consecutively." (Emphasis added.)). Because it is speculative that either of those events will occur, and, moreover, because defendant is free to choose whether to comply with the conditions of his probation, we decline to exercise our discretion to reach the merits of defendant's assignment of error.[2] *See Shields v. Campbell*, 277 Or 71, 77-78, 559 P2d 1275 (1977) (one reason for preservation requirement is promotion of efficient administration of justice and saving of judicial time).

Reconsideration allowed; former opinion modified and adhered to as modified.

---

[2] We do not hereby announce a blanket rule concerning speculative harm in unpreserved assignments of error. In future cases, our decision may be influenced by a demonstration that the likelihood that the harm asserted will materialize is greater or that the harm risked is considerably more onerous than here. *See* OAR 213-010-0002(1) (maximum sentence on revocation of presumptive probation is six months).