Submitted on record and briefs July 28, sentences vacated; remanded for resentencing; otherwise affirmed August 31, 2005

STATE OF OREGON,
*Respondent,*

*v.*

JOHN DEE PHIPPS,
*Appellant.*

200311366, 200316390;
A123497 (Control), A123498
(Cases Consolidated)

118 P3d 850

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Tammy W. Sun, Deputy Public Defender, Office of Public Defense Services, filed the opening brief for appellant. Tammy W. Sun, Deputy Public Defender, filed the supplemental brief.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Christina M. Hutchins, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman* and Ortega, Judges.

PER CURIAM

---

* Schuman, J., *vice* Richardson, S. J.

## PER CURIAM

In these consolidated cases, defendant was convicted of, among other things, failure to perform the duties of a driver, assault in the third degree, ORS 163.165, and unauthorized use of a vehicle, ORS 164.135. The trial court imposed upward dispositional departure sentences on each of those convictions, based on findings of persistent involvement and extreme disregard for the value of human life. The court also ordered restitution. On appeal, defendant challenges only the sentences.

He first argues that, under *Blakely v. Washington,* 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey,* 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), the court erred in imposing departure sentences based on facts that defendant did not admit and that the court did not submit to a jury. He concedes that he did not advance such a challenge to the trial court, but argues that the sentences should be reviewed as plain error. The state concedes that, under our decisions in *State v. Gornick,* 196 Or App 397, 102 P3d 734 (2004), *rev allowed,* 338 Or 583 (2005), and *State v. Perez,* 196 Or App 364, 102 P3d 705 (2004), *rev allowed,* 338 Or 488 (2005), the sentences are plainly erroneous. We accept the state's concession and, for the reasons discussed in those cases, exercise our discretion to correct the error.

Defendant also advances an unpreserved argument that, under *Blakely* and *Apprendi,* the trial court erred in imposing restitution. Our decision in *State v. Gutierrez,* 197 Or App 496, 106 P3d 670, *adh'd to on recons,* 199 Or App 521, 112 P3d 433 (2005), in which we determined that imposition of restitution is not plain error, is controlling.

Sentences vacated; remanded for resentencing; otherwise affirmed.