Submitted on record and briefs July 28, sentence vacated; remanded for resentencing; otherwise affirmed December 14, 2005

## STATE OF OREGON,
*Respondent,*

*v.*

## JESUS CAUSOR-MANDOZA,
aka Jesus Causor-Mendoza,
*Appellant.*

C032536CR; A124673

124 P3d 1254

Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, and Louis R. Miles, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General, and Steven R. Powers, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman* and Ortega, Judges.

_____

* Schuman, J., *vice* Richardson, S. J.

LANDAU, P. J.

## LANDAU, P. J.

Defendant pleaded guilty to one count of custodial interference in the first degree. ORS 163.257. The trial court imposed an upward dispositional departure sentence of 18 months' imprisonment based on the court's findings that defendant was on probation at the time of the current offense and that the degree of harm resulting from the offense was greater than typical. The trial court also ordered defendant to pay restitution.

On appeal, defendant argues that the trial court erred in imposing a departure sentence and ordering restitution based on facts not found by a jury beyond a reasonable doubt or admitted by him. He concedes that he did not preserve those issues below but argues that, under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), the errors are plain and that we should exercise our discretion to reach them.

The state responds that, because the trial court found that either aggravating factor was independently sufficient to support the imposition of a departure sentence and because defendant admitted that he was on probation, the trial court did not err in imposing the departure sentence.[1] The state also argues that, under *State v. Gutierrez*, 197 Or App 496, 106 P3d 670, *adh'd to as modified on recons*, 199 Or App 521, 112 P3d 433 (2005), imposition of restitution based on facts not found by a jury or admitted by a defendant is not plain error. *See also, e.g., State v. Phipps*, 201 Or App 397, 118 P3d 850 (2005).

In *State v. Allen*, 198 Or App 392, 396, 108 P3d 651, *adh'd to as clarified on recons*, 202 Or App 565, 123 P3d 331 (2005), we explained that an upward departure sentence based on the fact that the defendant was on supervisory

---

[1] The state does not argue that the trial court did not err under *Blakely* and *Apprendi* in finding that the degree of harm resulting from the offense was greater than typical. Nor could it; such a fact clearly is outside the exception in those cases for "the fact of a prior conviction" and thus clearly is subject to the jury trial right enunciated in those cases.

status when he committed the current crime "requires further inferences about the malevolent quality of the offender and the failure of his [supervisory] status to serve as an effective deterrent," and that, where the defendant did not admit those further facts, he "was entitled to have a jury determine whether those inferences were appropriate to draw by a standard of proof beyond a reasonable doubt." *See also State v. Perez*, 196 Or App 364, 102 P3d 705 (2004), *rev allowed*, 338 Or 488 (2005) (factor of being on supervision falls outside the exception in *Apprendi* for "the fact of a prior conviction"). Thus, notwithstanding defendant's admission, imposition of a departure sentence based on that status was plain error that, for the reason discussed in *Perez*, 196 Or App at 373, we exercise our discretion to reach.

Because we must remand the case for resentencing based on the erroneous imposition of the departure sentence, we need not consider defendant's unpreserved challenge to the restitution order.

Sentence vacated; remanded for resentencing; otherwise affirmed.