Submitted on record and briefs February 3, affirmed March 15, 2006

STATE OF OREGON,
*Respondent,*

*v.*

JOSE ERNESTO DE PAZ-CERNA,
*Appellant.*

04FE0023; A125630

131 P3d 792

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Louis R. Miles, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

ARMSTRONG, J.

**ARMSTRONG, J.**

Defendant was convicted of multiple offenses and, on appeal, takes issue with the sentences imposed on two counts of coercion, ORS 163.275. Defendant first asserts that, under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), the court erred in imposing a sentence on one count of coercion based on facts that were not found by a jury or admitted by defendant, in violation of his rights under the Sixth Amendment to the United States Constitution. Because that sentence was imposed concurrently with other sentences not challenged on appeal, however, we do not exercise our discretion to correct it. *See State v. Gutierrez*, 197 Or App 496, 106 P3d 670, *adh'd to on recons*, 199 Or App 521, 112 P3d 433 (2005).

Defendant further asserts that the trial court erred in calculating his criminal history score for the second count of coercion based on other crimes being sentenced in the same proceeding. Defendant asserts that such a calculation is permissible only if the court makes a finding that the offenses occurred in separate criminal episodes, and that did not occur. *See, e.g., State v. Bucholz*, 317 Or 309, 855 P2d 1100 (1993). The state concedes that the court erred. Upon review of the record, we decline to accept the state's concession that the case should be remanded for resentencing. Defendant invited the error by suggesting to the trial court that the application of the rule of law from *Bucholz* was "optional" under the circumstances of this case. *Cf. Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991) (exercise of discretion to correct error involves inquiry into "whether the policies behind the general rule requiring preservation of error have been served in the case in another way, *i.e.*, whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error").

Affirmed.