On respondent's petition for reconsideration filed May 25, motion for relief from default granted; reconsideration allowed; former disposition (203 Or App 175, 124 P3d 1254) withdrawn; affirmed July 26, 2006

## STATE OF OREGON,
*Respondent,*

*v.*

## JESUS CAUSOR-MANDOZA,
aka Jesus Causor-Mendoza,
*Appellant.*

## C032536CR; A124673

139 P3d 1044

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jonathan H. Fussner, Attorney-In-Charge, Criminal Appeals Unit, for petition.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

PER CURIAM

**PER CURIAM**

■       The state petitions for reconsideration of our opinion, in which we concluded that the trial court committed plain error in imposing departure sentences based on facts that defendant did not admit and that were not found by a jury. *State v. Causor-Mandoza*, 203 Or App 175, 124 P3d 1254 (2005). The state argues that, under the Supreme Court's recent decision in *State v. Gornick*, 340 Or 160, 130 P3d 780 (2006), the departure sentences were not plainly erroneous. Allowing the state's petition, we agree. Defendant was convicted after he waived his right to a jury and pleaded guilty. He did not object when, at sentencing, the trial court found aggravating facts and imposed departure sentences. Under *Gornick*, it is possible to infer from those circumstances that defendant chose to have the trial court act as the factfinder at sentencing; imposition of the departure sentence was therefore not plainly erroneous.

■       In our earlier opinion, we did not have occasion to reach defendant's other argument, also unpreserved, that, under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), the court erred in ordering him to pay restitution based on facts that defendant did not admit and that were not found by a jury. We now reach that argument and reject it. Imposition of restitution based on facts not found by a jury or admitted by a defendant is not plain error. *State v. Gutierrez*, 197 Or App 496, 505, 106 P3d 670, *adh'd to as modified on recons*, 199 Or App 521, 112 P3d 433 (2005), *rev den*, 340 Or 673 (2006).

Motion for relief from default granted; reconsideration allowed; former disposition withdrawn; affirmed.