Submitted June 30, affirmed December 16, 2015

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KAITLYN SHERMAINE MONROE,
*Defendant-Appellant.*

Lane County Circuit Court
201312263; A156245

365 P3d 140

Peter Gartlan, Chief Defender, and John Evans, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Peenesh H. Shah, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment revoking her probation. She assigns error to the trial court's determination that she violated the terms and conditions of her probation. Because the trial court properly found that defendant did not comply with the condition that she obtain prior authorization from her probation officer before moving, and the trial court indicated that it would have revoked her probation on any single violation standing alone, the trial court did not err. We affirm.

We review the trial court's decision to revoke probation for an abuse of discretion. *State v. Kacin*, 237 Or App 66, 72, 240 P3d 1099 (2010). A trial court abuses its discretion when it revokes probation on insufficient evidence. *See State v. Winters*, 44 Or App 9, 11-12, 605 P2d 293 (1980).

The pertinent facts are undisputed. Defendant pleaded guilty to third-degree robbery, a Class C felony. In August 2013, defendant was sentenced to a downward dispositional departure of 36 months' supervised probation under a "zero tolerance/no structured sanctions" condition of probation. The court imposed the General Conditions of Probation under ORS 137.540, which required, in part, that defendant gain permission from her probation officer before changing residences.

Three months after sentencing, the state moved for a show cause order alleging that defendant violated her probation in several respects. The trial court then issued a show cause order directing defendant to appear and answer the state's allegations.

At the probation revocation hearing, defendant's probation officer testified to various violations, including that, when he visited defendant's residence in November 2013, defendant's father told him that defendant had moved four days earlier and that he did not know where defendant was. The probation officer testified that he had not granted the required permission for defendant to move. Defendant did not rebut the probation officer's testimony.

The trial court found, by a preponderance of the evidence, that defendant "violated the terms and conditions of

[her] probation in all the particulars alleged * * * on each and every one of them." The court further found that "the purposes of probation [were not] being served" and that it would revoke probation "on any one of [the] allegations separately."

On appeal, defendant challenges a number of the bases for revoking her probation. Because the trial court found that any one of the bases would have been sufficient to support the revocation, we address only the finding that defendant did not obtain the required permission from her probation officer before moving. That finding was supported by sufficient evidence—that is, the probation officer's unrebutted testimony that he visited her residence and found that defendant had moved four days before without obtaining his permission. Accordingly, the trial court did not abuse its discretion in revoking defendant's probation and, therefore, the revocation was not made in error.

Affirmed.