No. 876 October 8, 2025 111

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JALEN BAJAJUAN NAZEDEKY SMITH,
aka Jalen Bajajuan Nazede Smith,
*Defendant-Appellant.*

Washington County Circuit Court
22CR27737; A184137

Ricardo J. Menchaca, Judge.

Argued and submitted July 9, 2025.

David O. Ferry, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Jennifer S. Lloyd, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

HELLMAN, J.

Reversed and remanded.

**HELLMAN, J.**

Defendant appeals from a judgment revoking his probation. Before the probation violation hearing, the state moved to allow a witness, H, to testify via simultaneous electronic transmission pursuant to ORS 131.045. Defendant objected to allowing H to testify remotely. The trial court granted the motion, accepting the state's argument that ORS 131.045(4) bars witness testimony by simultaneous electronic transmission only in criminal jury trials. Ultimately, H testified via FaceTime on the probation officer's cellular telephone with a three-by-five inch screen. Defendant assigns error to the trial court's ruling allowing the remote testimony. Because ORS 131.045 requires the consent of the parties for testimony via simultaneous electronic transmission, the trial court erred when it permitted H to testify by simultaneous electronic transmission without defendant's consent. Accordingly, we reverse and remand.

On appeal, the parties have framed their arguments largely in terms of defendant's constitutional right to effectively confront the witnesses against him and dispute whether defendant properly raised that challenge. However, we do not reach the constitutional issues present in this case because ORS 131.045 provides "a complete answer" to the issue presented on appeal. *Rico-Villalobos v. Giusto*, 339 Or 197, 205, 118 P3d 246 (2005). Following our long-standing practice, we do not reach constitutional issues "when there is an adequate statutory basis for a decision." *Planned Parenthood Ass'n v. Dept. of Human Res.*, 297 Or 562, 564, 687 P2d 785 (1984).

We review the trial court's determination that ORS 131.045 permitted the witness to testify by simultaneous electronic transmission for legal error. *State v. Thompson*, 328 Or 248, 256, 971 P2d 879, 885 (1999) ("A trial court's interpretation of a statute is reviewed for legal error.").

ORS 131.045 permits a person to appear "in a criminal proceeding" by "simultaneous electronic transmission." As a preliminary matter, a probation hearing is a "criminal proceeding" for purposes of ORS 131.045 because it is a "proceeding which *** occurs in court in connection with

a prospective, pending or completed criminal action." ORS 131.005(7); ORS 131.045(1)(a) ("'[c]riminal proceeding' has the meaning given that term in ORS 131.005"); *State v. Baxley*, 27 Or App 73, 76, 555 P2d 782 (1976) ("A probation revocation hearing is a criminal proceeding, as it occurs in court in connection with a completed criminal action." (Internal quotation marks and alteration omitted.)).

ORS 131.045(1)(c) defines "simultaneous electronic transmission" as "television, telephone or any other form of electronic communication transmission" that allows the court and the party making the appearance to communicate with each other, a defendant to consult privately with counsel, and—to the extent that they have the right to do so—the victim to participate in the proceeding and the public to observe the party making the remote appearance. The statute also sets out the following requirements for such an appearance:

> "When a statute authorizes or requires a person to make a personal appearance before a court in a criminal proceeding, the person may appear by being physically present in the court or by simultaneous electronic transmission if:
>
> "(a)   Simultaneous electronic transmission is authorized by court rule * * * ;
>
> "(b)   Except as otherwise provided by law, the parties in the proceeding and the court agree to appearance by simultaneous electronic transmission; and
>
> "(c)   Appearance by simultaneous electronic transmission is not specifically prohibited by statute.
>
> "* * * * *
>
> "(4)   * * * [A] witness in a criminal proceeding may not appear before a jury by simultaneous electronic transmission without the written consent of the parties and the agreement of the court.

ORS 131.045(2), (4).

Under ORS 131.045(2)(b), the parties and the court are required to agree to an appearance via simultaneous electronic transmission. Here, defendant did not agree to

H's testimony by simultaneous electronic transmission. ORS 131.045 thus prohibited her remote testimony.

We disagree with the state's argument that ORS 131.045(4) permits a witness to appear by simultaneous electronic transmission in proceedings before the bench, even without the consent of all the parties. ORS 131.045(4) simply adds a requirement that the parties' consent be in writing when the witness testifies before a jury. ORS 131.045(4) does not eliminate the requirement in ORS 131.045(2) that "the parties in the proceeding and the court agree to appearance by simultaneous electronic transmission." ORS 131.045(2)(b). The trial court erred when it permitted H to testify via simultaneous electronic transmission.

We further conclude that the error was not harmless. *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003) ("Oregon's constitutional test for affirmance despite error consists of a single inquiry: Is there little likelihood that the particular error affected the verdict?").

Defendant was alleged to have violated a special condition of probation that he "not menace, intimidate, threaten, or have offensive contact with anybody." That condition related to defendant's underlying offenses, which included stalking and harassing an ex-girlfriend and her family. H's FaceTime testimony provided the factual basis for the allegations of the probation violation. The trial court found H's testimony to be credible and stated that it served as the basis for its finding that defendant violated that condition of probation. In particular, the trial court emphasized H's testimony regarding defendant's physical abuse, characterizing defendant as "a violent man," before revoking his probation.

However, during H's FaceTime testimony, it was occasionally difficult for the parties, the court, and H to see and hear each other. Additionally, because of an apparent battery failure, the cellular telephone shut down, disconnecting the call for a period of time during H's cross-examination. Given those circumstances, we cannot conclude that the trial court would necessarily have reached the same conclusions about H's credibility and the importance of her testimony if she had testified in person in open court.

Moreover, although the trial court also found that defendant violated four financial conditions, the record does not clearly demonstrate that the trial court found that those violations, alone, provided an independent basis to revoke probation. *Compare State v. Kelemen*, 296 Or App 184, 190, 192, 437 P3d 1225 (2019) (reversing probation revocation when the trial court's erroneous finding played a role in its decision to revoke probation and the record did not support an alternative basis for revocation), *with State v. Monroe*, 275 Or App 563, 565, 365 P3d 140 (2015) (affirming where trial court "found that any one of the bases would have been sufficient to support the revocation" of the defendant's probation).

In sum, we cannot say that the erroneous legal ruling permitting H's FaceTime testimony had little likelihood of having affected the court's decision to revoke defendant's probation.[1]

Reversed and remanded.

---

[1] In light of our disposition, we need not reach defendant's second assignment of error, which is unpreserved, challenging the trial court's authority to impose consecutive sentences after revoking defendant's probation.