546 December 10, 2025 No. 1059

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NOAH TYLER CUNNINGHAM,
*Defendant-Appellant.*

Curry County Circuit Court
23CR26032; A184370

Cynthia Lynnae Beaman, Judge.

Submitted October 2, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emily P. Seltzer, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Jon Zunkel-deCoursey, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

O'CONNOR, J.

Vacated and remanded.

## O'CONNOR, J.

Defendant appeals from a judgment revoking his probation. In a single assignment of error, defendant argues, and the state concedes, that the trial court erred when it relied on the finding that defendant failed to return to his approved residence before his curfew as a basis for revoking his probation. *State v. Hardges*, 294 Or App 445, 432 P3d 268 (2018) (failure to comply with a probation officer's directive to follow the rules of transitional housing, including curfew, unrelated to the defendant's reporting obligations, does not constitute a violation of the general condition that the defendant report as required and abide by the direction of the supervising officer). The parties disagree as to whether the trial court would have revoked defendant's probation on the basis of its additional finding that defendant failed to report to his probation officer, as instructed, at his regularly scheduled time. The court did not state that it would have revoked defendant's probation on the basis of a single instance of failing to report to his probation officer, and we cannot otherwise determine from the record how the trial court's erroneous probation-violation finding affected its decision to revoke defendant's probation. Consequently, we cannot determine on this record that the error did not prejudice defendant. We vacate and remand.

We will affirm a judgment revoking probation only if we can determine that the defendant was not prejudiced by the trial court's error. *State v. Dowty*, 299 Or App 762, 774-75, 452 P3d 983 (2019), *rev den*, 366 Or 259 (2020) (recognizing that the standard for prejudicial error in the probation context is equivalent to that of harmless error in the trial context). A defendant is not prejudiced if there is "little likelihood" that the trial court's error affected the outcome of the probation revocation proceeding. *Id*. at 777.

In the probation violation context, the trial court sits as a factfinder and must make a predicate determination that a defendant either engaged in new criminal activity or violated the court-ordered terms of probation, before deciding whether to revoke probation. OAR 213-010-0001 ("The decision to revoke probation is discretionary and may be exercised upon a finding that the offender has violated

one or more of the conditions of probation, or that the offender has participated in new criminal activity."); *State v. Kelemen*, 296 Or App 184, 191, 437 P3d 1225 (2019) ("[T] he plain terms of [OAR 213-010-0001] make a trial court's exercise of its revocation authority contingent on a finding of either a violation or a new crime.").

On appeal, if we conclude that one of those predicate determinations was made in error, we consistently remand to the trial court for it to exercise its revocation authority with a proper understanding of the probation violations committed by the defendant. *See, e.g.*, *State v. Adams*, 302 Or App 730, 740-41, 462 P3d 761 (2020) (reversing and remanding a judgment revoking probation when trial court discussed both permissible and impermissible bases in its decision to revoke and "did not give any indication what it would do in the absence of the impermissible violation"); *State v. Rivera-Waddle*, 279 Or App 274, 280, 379 P3d 820 (2016) (reversing and remanding a judgment revoking probation for reconsideration in light of other bases for revocation); *State v. Milnes*, 256 Or App 701, 710, 301 P3d 966 (2013) (reversing and remanding a judgment revoking probation where the trial court relied in part on an erroneous conviction and "did not indicate whether it would have revoked [the] defendant's probation *** in the absence of that conviction"). By contrast, we have affirmed despite a trial court's erroneous probation violation finding when the trial court has stated that it would have exercised its discretion to revoke probation based any one of the multiple violations that it found. *See State v. Monroe*, 275 Or App 563, 565, 365 P3d 140 (2015) (affirming revocation where a single probation violation was well founded, when the trial court stated that it would have revoked probation based on any one of multiple violations). In that instance, we need not speculate about how the trial court would exercise its discretion on remand. With that background, we briefly discuss the uncontested facts before turning to the trial court's ruling.

The evidence at the probation revocation hearing established that defendant failed to report in person to his probation officer at his regularly scheduled time, 7:00 a.m. on February 20. On that day, defendant called his supervising

officer around 3:00 in the afternoon and explained that he was "stuck" in a nearby town, that he had been there for a couple days, and that he was unable to get to the office because he did not have a ride to the probation office. Defendant's supervising officer instructed him to report the following day, and when he reported to the probation office at that time, he was arrested for violating his probation. The supervising officer prepared a report in which he alleged that defendant violated four general conditions of his probation: (1) failing to report as required, (2) failing to report as a sex offender within 10 days of a change of residence, (3) failing to truthfully answer the probation officer's reasonable inquiries, and (4) failing to secure permission before changing his residence. The second, third, and fourth violations were predicated on the factual assertion that defendant had stopped residing at his approved location in Bay City sometime before February 20. How long defendant had been away from that residence was the primary factual dispute at the probation violation hearing.

The trial court found that defendant failed to abide by the probation officer's curfew direction in an action plan that defendant and the probation officer had agreed to. The court then explained:

> "I do find that the State has proved the probation violation by a preponderance of the evidence, and that he is in violation of his probation. Specifically, the main–You know, if I'm wrong about all the other things, if the Court of Appeals doesn't agree with my findings, certainly it's cut and dry that he was to appear at 7:00 am on Tuesday, February 20th, and he did not."

The court then asked defendant if he was prepared to proceed to sentencing, and defendant consented to sentencing. The court revoked defendant's probation and imposed 13 months in prison followed by two years of post-prison supervision.

The trial court erred when it found defendant in violation of probation for the curfew violation, as the state correctly concedes. In *Hardges*, we held that the general condition of probation in *former* ORS 137.540(1)(m) (2018), *renumbered as* ORS 137.540(1)(k) (2022) that requires a

probationer to "[r]eport as required and abide by the direction of the supervising officer" applies only to those directions that relate to a probationer's obligation to "[r]eport as required." 294 Or App at 452. The failure to comply with other directives from a probation officer does not violate that general condition, even when a probation officer and a probationer agree to an "action plan" that contains additional directives that are related to the purposes of probation. *Id*. at 453-54; *Kelemen*, 296 Or App at 190, 192-93 (failure to comply with probation officer's directives to complete work crew was an impermissible ground for revocation and a trial court may not revoke probation based on a finding that the purposes of probation were not being served).

The only contested issue on appeal is whether the trial court's error prejudiced defendant. At issue here is a statement the trial court made immediately after its analysis of the curfew issue: "if I'm wrong about all the other things, if the Court of Appeals doesn't agree with my findings, certainly it's cut and dry that he was to appear at 7:00 a.m. on Tuesday, February 20th, and he did not." The state urges us to interpret that statement, which specifically addressed a situation where "the Court of Appeals doesn't agree with my finding," as tantamount to a statement that it would have revoked on the independently sufficient basis of defendant's failure to report as required, and that as a result, any error did not prejudice defendant. *See Monroe*, 275 Or App at 565 (concluding an error was harmless where the trial court made an explicit statement that each probation violation was an independently sufficient ground for revocation).

Although the state's interpretation of the trial court's statement is plausible, it is not the only interpretation. The trial court's statement expressly addressed its additional finding that defendant violated his probation by failing to report on February 20. The trial court then immediately proceeded to sentencing—a separate phase of the proceeding—and did not address the connection between any of its probation violation findings and its discretionary decision to revoke defendant's probation. We cannot say on this record that there is little likelihood that the trial court's erroneous conclusion that defendant violated a condition of

probation by violating the curfew imposed by his probation officer affected the trial court's decision to exercise its discretion to revoke defendant's probation.

Thus, we remand the revocation judgment to the trial court for the court to exercise its discretion with a correct understanding of the probation violations before it. We vacate and remand because the trial court could, after considering the issue, reinstate the judgment revoking defendant's probation. *See State v. Stutte*, 339 Or App 87, 99 n 7, 568 P3d 247 (2025) (Where a trial court relied on a conviction that was later reversed and remanded for entry of a conviction for a lesser-included offense to revoke a defendant's probation, we vacated and remanded "to signify our recognition that, after reconsidering the issue, the trial court could reinstate the same judgment in the probation-revocation case").

Vacated and remanded.