No. 281          April 8, 2026          289

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

MARK TODD HARLESS,
*Petitioner,*

*v.*

BOARD OF PAROLE
AND POST-PRISON SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A186229

Argued and submitted March 5, 2026.

Anna Sammons argued the cause and filed the briefs for petitioner.

Philip Thoennes, Assistant Attorney General, argued the cause for respondent. Also on the briefs were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Vacated and remanded.

**TOOKEY, P. J.**

ORS 163A.100 requires the Board of Parole and Post-Prison Supervision to "adopt by rule a sex offender risk assessment methodology for use in classifying sex offenders." Petitioner seeks judicial review of a final order of the board from December 2024 setting petitioner's sex offender notification level (SONL) at Level 3 based on his Static-99R score of 8.[1] Petitioner argued that the board erred in assessing his risk of re-offense, and that, under *Thomsen v. Board of Parole*, 333 Or App 703, 554 P3d 308, *rev den*, 373 Or 81 (2024), and *Allen v. Board of Parole*, 334 Or App 447, 557 P3d 178, *rev den*, 373 Or 121 (2024), the board was required to determine his present risk of re-offense, not his risk at the time of his release from the index offense. Petitioner requested that we set aside the final order and remand to the board for a new assessment. The board conceded that, when assessing petitioner's risk of re-offense, it had not considered his offense-free time in the community. The board argued that we should reverse the final order and remand for further proceedings.

On the same day that the case was submitted on the briefs, petitioner moved to file a supplemental brief, which we granted, in which he argues that we should vacate and remand the board's order, rather than reverse and remand, because Senate Bill (SB) 1122 (2025) amended ORS 163A.100, which is the statute that requires the board to adopt a risk assessment methodology for use in classifying sex offenders. Petitioner argues about the effect of SB 1122 on his case, and he raises a due process argument. The board responds that, if we reverse and remand, then the board will assess petitioner's risk of re-offense in light of the amendments to ORS 163A.100, which became effective on May 27, 2025, and petitioner can raise arguments about the amendments and any due process concerns to the board in the first instance. Alternatively, the board argues that, as a

---

[1] "The Static-99R is an actuarial risk assessment instrument designed to assess risk of sexual recidivism for adult males who have already been charged with or convicted of at least one sex offence against a child or a non-consenting adult." *Sohappy v. Board of Parole*, 329 Or App 28, 41, 540 P3d 568 (2023) (internal quotation marks omitted). Level 3 offenders are those who present the highest risk of re-offending and require the widest range of notification. *Id.* at 30.

result of the amendments to ORS 163A.100, the board correctly and lawfully assessed petitioner's risk of re-offense, and that we should either affirm the board's final order or dismiss the petition as moot.

We decline to consider arguments about the effect of SB 1122 on how the board assessed or should assess petitioner's SONL until the board has had an opportunity to consider those arguments in the first instance, after which petitioner will have the opportunity to seek judicial review of the board's new order. Because the board's mootness argument is premised on the assumption that the amendments to ORS 163A.100 show that the board correctly assessed petitioner's SONL, we decline to consider that argument as well.

Petitioner argues that we should vacate, or vacate and remand, while the board argues that we should reverse and remand. We note that either vacating or reversing sets aside—that is, invalidates—the board's order and, if the disposition includes remanding to the board, each requires further action from the board.[2] ORS 144.335(3) provides that we may "affirm, reverse or remand" the board's order on the same basis as provided in ORS 183.482(8). If we find "that the agency has erroneously interpreted a provision of law and that a correct interpretation compels a particular action," then we are required to "[s]et aside or modify the order," ORS 183.482(8)(a)(A), or "[r]emand the case to the agency for further action under a correct interpretation of the provision of law," ORS 183.482(8)(a)(B).

We have reversed and remanded when we have concluded that the board applied administrative rules regarding how to assess the registrant's risk of re-offense that

---

[2] *See, e.g.*, *State v. Cunningham*, 345 Or App 546, 551, 582 P3d 1184 (2025) (vacating and remanding for the trial court to reconsider whether to revoke probation after we determined that one of the bases for revocation was erroneous); *Van Gordon v. Ore. State Bd. of Dental Examiners*, 63 Or App 561, 566, 666 P2d 276 (1983) ("A 'reversal' represents a complete defeat, in this court, of the agency's position," but when "an agency order is 'reversed *and remanded*,' * * * there remains the possibility that the agency's proposed action may ultimately be justified," or "some further agency action must occur, although its outcome is uncertain." (Emphasis in original.)). When we vacate a judgment or order, it leaves open the possibility for re-entry of the prior judgment or order, but it does not leave the prior judgment or order in place. *Cunningham*, 345 Or App at 551.

were invalid because they did not comply with the previous version of ORS 163A.100, which required the board to adopt rules that considered the present risk of re-offending. *See Thomsen*, 333 Or App at 715-17 (reversing and remanding); *Allen*, 334 Or App at 448 (same). By contrast, we have tended to vacate and remand when the trial court or agency failed to adequately explain its rationale, *see, e.g.*, *Moreau v. Samalin*, 295 Or App 534, 535, 435 P3d 794 (2019), when required written findings were insufficient, *see, e.g.*, *State v. D. J. P.*, 342 Or App 422, 425, 576 P3d 1043 (2025), or when the trial court or agency is required to reconsider its decision in light of new law but might ultimately reinstate the same order or judgment after doing so, *see, e.g.*, *State v. Stutte*, 339 Or App 87, 99 n 7, 568 P3d 247 (2025) (vacating and remanding "to signify our recognition that, after reconsidering the issue, the trial court could reinstate the same judgment in the probation-revocation case"); *Forbus v. Board of Parole*, 309 Or App 296, 310-11, 482 P3d 95 (2021) (vacating and remanding where the board had determined that it could not consider petitioner's post-incarceration evidence in setting his prison term but where a subsequent case determined that it could); *State v. Cruz-Aguirre*, 179 Or App 546, 547, 40 P3d 560 (2002) (vacating and remanding a trial court's order suppressing evidence for the trial court to apply the correct analysis as established by the Supreme Court after the trial court's decision).

Here, the parties agree that the law has changed because the legislature amended ORS 163A.100, and those amendments became effective on May 27, 2025. Petitioner argues about the effect of those amendments, including that they violate his due process rights, but those are arguments that the board can address in the first instance on remand. Based on the change in the law, we vacate the board's order and remand for a new assessment of petitioner's SONL.

Vacated and remanded.