Submitted on the record July 9, ballot title referred to Attorney General for
modification July 31, 2003

Tim NESBITT,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S50479)

73 P3d 925

Lynn-Marie Crider, Salem, filed the petition for petitioner.

Jennifer S. Lloyd, Assistant Solicitor General, Salem, filed the answering memorandum for respondent. With her on the answering memorandum were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

BALMER, J.

## BALMER, J.

This ballot title review proceeding brought under ORS 250.085(2) concerns the Attorney General's certified ballot title for a proposed initiative measure that the Secretary of State has denominated as Initiative Petition 39 (2004). The proposed measure, if adopted, would amend the Oregon Constitution by limiting the number of years that an individual may serve in the state legislature. Under the proposed measure, a legislator could not serve more than six years in the House of Representatives, more than eight years in the Senate, or a total of more than 12 years in the Legislative Assembly. As described more fully below, the proposed measure would apply to current members of the legislature and, on its effective date, would divest of their offices members of the legislature whose length of service exceeds the limits contained in the proposed measure.

Petitioner is an elector who timely submitted written comments to the Secretary of State concerning the Attorney General's draft ballot title and who, therefore, is entitled to seek review of the resulting certified ballot title in this court. *See* ORS 250.085(2) (stating that requirement). We review the Attorney General's certified ballot title to determine whether it substantially complies with the requirements of ORS 250.035(2). ORS 250.085(5). For the reasons that follow, we conclude that it does not and we, therefore, refer the ballot title to the Attorney General for modification.

The Attorney General certified the following ballot title for Initiative Petition 39:

"AMENDS CONSTITUTION: LIMITS TOTAL YEARS OF SERVICE BY CURRENT, FUTURE LEGISLATORS; INCLUDES PRIOR LEGISLATIVE SERVICE

"RESULT OF 'YES' VOTE: 'Yes' vote limits current, future legislators to six years total service as representative, eight as senator, twelve in Legislature overall; includes prior legislative service.

"RESULT OF 'NO' VOTE: 'No' vote retains current state law, which does not limit length of service as state representative, as state senator, or in the Legislative Assembly overall.

"SUMMARY: Amends Constitution. Existing law does not limit legislators' years of service in the Oregon House of Representatives or Senate, or in the Legislature overall. The measure provides that no person shall serve more than total of six years in the House, eight in the Senate, and no more than 12 years in the Legislature overall. Includes legislative service prior to measure's effective date. Prohibits placement of a candidate's name on a ballot for an elected office or appointment to such office. Also provides that no legislator sitting at time of measure's effective date shall remain in office if it will cause that person to exceed the limits. Severability provision. Other provisions give standing to private citizens and non-profit businesses to enforce term limits."

Petitioner challenges the caption, the "yes" vote result statement, and the summary of the certified ballot title. He argues first that the ballot title fails adequately to explain that the adoption of the proposed measure would remove some current legislators from office in the middle of their terms and would prevent some legislators who might be elected at the time that the proposed measure may be adopted from taking office. Second, he argues that the ballot title should explain the method by which the resulting vacancies would be filled. Finally, he argues that the certified ballot title is so similar to the certified ballot title for Initiative Petition 20 (2004), another proposed measure that would limit the length of service of legislators, that it violates the requirement of ORS 250.035(6) that "a ballot title shall not resemble any title previously filed for a measure to be submitted at that election."

CAPTION

■    The caption of a certified ballot title shall contain a statement of not more than 15 words "that reasonably identifies the subject matter of the state measure." ORS 250.035(2)(a). As noted, the caption of the Attorney General's ballot title for Initiative Petition 39 states:

"AMENDS CONSTITUTION: LIMITS TOTAL YEARS OF SERVICE BY CURRENT, FUTURE LEGISLATORS; INCLUDES PRIOR LEGISLATIVE SERVICE"

Petitioners assert that, although the Attorney General's caption accurately identifies one subject of the proposed measure—its limit on the number of years legislators may serve—it fails to identify another subject: the fact that the proposed measure would remove some current legislators from office. Petitioner argues that, because "the certain effect of the initiative is not only to create a prospective rule but also to effect what amounts to the recall of sitting Senators and the ouster of persons elected to both chambers in November 2004, this too is a subject matter of the measure." Petitioner notes that, if a proposed measure contains more than one subject, all the subjects should be reflected in the caption if possible. *See Witt v. Kulongoski*, 319 Or 7, 10 n 3, 872 P2d 14 (1994) (so stating). Petitioner argues that the statement in the Attorney General's caption that the proposed measure applies to "current legislators" and "includes prior legislative service" fails to inform the reader that elected legislators will be prevented from serving or completing their terms. According to petitioner, although other prior proposed term limit measures also would have applied to current legislators and would have included prior legislative service, as would the proposed term limits measure of Initiative Petition 20 (2004), the *way* that this proposed measure applies to current legislators—by potentially removing them from office during an elected term—is significant (and novel) and, therefore, should be included in the caption.

The Attorney General responds that the words "current, future legislators" and "includes prior legislative service" adequately describe the fact that the proposed measure would prevent current legislators from violating the term limit. According to the Attorney General, because the ouster of some legislators is an effect of the proposed measure, and not its subject, an explanation of that effect does not belong in the caption. Further, the Attorney General argues that, because the fact that some legislators might be removed from office in the middle of their terms "depends on circumstances that are not apparent from the face of the measure or on the face of any governing law," it is inappropriate to include such a statement in the caption. In his petition, petitioner names five current legislators who were elected to four-year terms in

2002 and would be removed from office in 2004 if the proposed measure were adopted. The Attorney General argues that a factual investigation would be necessary to substantiate petitioner's list. According to the Attorney General, such a factual investigation is beyond the scope of this ballot title review. *See Sizemore v. Myers*, 326 Or 220, 230, 953 P2d 360 (1997) (stating that factual investigation into financial affairs of Portland area Metropolitan Service District is beyond scope of ballot title review).

■        We agree with petitioner. The proposed measure states that it will prevent elected legislators from taking office or from finishing terms to which they were elected if to do so would violate its term limits:

> "[N]o candidate's name shall be placed upon a ballot for an elected office or appointed to such office, nor shall any legislator remain in office if doing so will cause that person to exceed these limits."

Petitioner is correct that this provision is significant enough that it is a "subject" of the proposed measure and, thus, should be identified in the caption. Further, without engaging in speculation or conducting an inappropriate factual investigation, we can determine from undisputed election records that at least one current legislator who was elected to a four-year term in 2002 has served more than the number of years that the proposed measure would allow and thus, by the terms of the proposed measure, would be removed from office on the effective date of the proposed measure, were it to pass.[1]

We also agree with petitioner that the Attorney General's caption fails adequately to explain both subjects of the proposed measure. The caption fails to link the limit on years of service with the application of that limit to current legislators in a way that informs the reader that some legislators may be prevented from completing or serving terms to

---

[1] We agree with the Attorney General that it would be speculative to predict whether any particular legislator will choose to seek re-election in the future. However, as noted in the text, the proposed measure, if adopted, would affect certain state senators who were elected in 2002. We do not believe that it is inappropriate speculation to assume that those individuals will continue to serve until the expiration of their present terms.

which they have been or will be elected. Because the caption does not reasonably identify the subject matter and, thus, fails substantially to comply with the statutory requirements, the ballot title must be modified. We, therefore, refer the ballot title to the Attorney General for modification.

## "YES" VOTE RESULT STATEMENT

■ The "yes" vote result statement is to be a "simple and understandable statement of not more than 25 words that describes the result if the state measure is approved." ORS 250.035(2)(b). As noted, the "yes" vote result statement of the Attorney General's certified ballot title for Initiative Petition 39 states:

> " 'Yes' vote limits current, future state legislators to six years total service as representative, eight as senator, twelve in Legislature overall; includes prior legislative service."

Petitioner's and the Attorney General's respective arguments regarding the "yes" vote result statement mirror their arguments regarding the caption. Petitioner argues that the fact that the proposed measure would remove sitting legislators is a significant and immediate result of the proposed measure and, therefore, should be included in the "yes" vote result statement. The Attorney General responds that, because the statement notes that the proposed measure applies to "current" legislators and "includes prior legislative service," it adequately informs the reader that any legislator whose current term would violate the proposed measure's limit on years of service would be removed from office when that limit is reached, even before the completion of the term to which the legislator had been elected.

■ We agree with petitioner, for the reasons explained in our discussion of his objection to the caption. The removal of elected and sitting legislators before the completion of their terms would be a significant result of the proposed measure and, by failing to describe that result, the "yes" vote result statement of the certified ballot title fails substantially to comply with ORS 250.035(2)(b). Moreover, the Attorney General is entitled to consider making conforming changes to the result statements after he modifies the caption of a ballot

title. *See Phillips v. Myers*, 325 Or 221, 227, 936 P2d 964 (1997) ("[I]t has been this court's practice to make conforming changes to the Result Statements when modifying a Caption.").

## SUMMARY

■    The summary is to be "[a] concise and impartial statement of not more than 125 words summarizing the state measure and its major effect." ORS 250.035(2)(d). As noted, the summary in the Attorney General's certified ballot title for Initiative Petition 39 states:

> "SUMMARY:   Amends Constitution. Existing law does not limit legislators' years of service in the Oregon House of Representatives or Senate, or in the Legislature overall. The measure provides that no person shall serve more than total of six years in the House, eight in the Senate, and no more than 12 years in the Legislature overall. Includes legislative service prior to measure's effective date. Prohibits placement of a candidate's name on a ballot for an elected office or appointment to such office. Also provides that no legislator sitting at time of measure's effective date shall remain in office if it will cause that person to exceed the limits. Severability provision. Other provisions give standing to private citizens and non-profit businesses to enforce term limits."

Petitioner asserts two separate objections to the Attorney General's summary. First, he argues that the sentence in the summary, "Prohibits placement of a candidate's name on a ballot for an elected office or appointment to such office," is not accurate. The Attorney General agrees that, through an editing error, 10 additional words required to make the sentence accurate—"if it will cause that person to exceed the limits"—were omitted. The Attorney General requests that we refer the ballot title to him to modify that sentence. We agree.

Second, petitioner argues that the summary does not summarize adequately the proposed measure and its major effect because it does not inform voters how any vacancies would be filled if the proposed measure is adopted. Petitioner asserts that, under the statutory provisions for filling legislative vacancies, legislators who would be removed from

office in the middle of an elected term on the effective date of Initiative Petition 39, if adopted, would be replaced by appointment. *See* ORS 171.051(4) (describing process for filling state Senate vacancies).[2] Indeed, petitioner claims that, because the proposed measure would appear on the ballot in a regular general election (November 2004), the interplay between the proposed measure and the provisions for filling vacancies means that "all vacancies created by the measure would be filled by appointment." Petitioner argues that voters should be told in the summary that vacancies created by the proposed measure would be filled by appointment, rather than by election.

The Attorney General responds first that it would not be appropriate to discuss how vacancies would be filled, because "[i]t is speculative to say that any particular seats will be affected by the measure." He asserts that at least some legislators must choose to run again in 2004 and must be re-elected for the proposed measure to affect any current legislators. Second, the Attorney General asserts that, even if vacancies created immediately on the proposed initiative's effective date would be filled by appointment under ORS 171.051, any vacancies that the proposed measure might create in the future could be filled either by appointment or election, depending on the date on which a particular legislator assumes office. Therefore, the Attorney General argues that a statement that any vacancies created would be filled by appointment would not be accurate. Finally, the Attorney General states that he attempted to include wording in the summary that would inform voters that vacancies could be

---

[2] An example will help explain the operation of ORS 171.051(4) in this context. The statute provides that a vacancy in the office of state Senator will be filled by appointment if that vacancy occurs "after the 62nd day before the first general election and before the 61st day before the second general election to be held during that term of office." If Initiative Petition 39 were adopted at the general election in November 2004, a state Senator who already had served at least 12 years in the legislature and had been elected at the general election in November 2002 (and whose term of office began in January 2003), would be removed from office on the effective date of the proposed measure. The effective date of an initiative measure is 30 days after the measure is enacted. Or Const, Art II, § 4(d). Because the vacancy would occur in December 2004, it would be "after the 62nd day before the first general election * * * held during that term of office" (the November 2004 general election) and "before the 61st day before the second general election" (the November 2006 general election). The vacancy, therefore, would be filled by appointment.

filled by election or appointment, depending on the circumstances, but that it was not possible to write a complete and understandable description of the process within the word limit.

We agree with petitioner that the summary must refer to the manner in which vacancies are filled when legislators are removed from office by operation of the proposed measure. First, the Attorney General is incorrect in asserting that it is "speculative" to conclude that the proposed measure would apply to any particular members of the legislature. As we previously noted, if the proposed measure were enacted, a state Senator who had served 12 years and who was elected to a four-year term in 2002 would be removed from office in midterm on the effective date of the proposed measure. That Senator would be replaced by appointment. We do agree with the Attorney General that, contrary to petitioner's argument, under existing statutory provisions for filling legislative vacancies, some vacancies that result from the proposed measure would be filled by election and some would be filled by appointment, depending on the date a particular legislator takes office and, thus, the date the legislator reaches the maximum period of service that the proposed measure would allow. We also agree with the Attorney General that it might not be possible, within the statutory word limit, to describe in detail the process for filling vacant legislative positions and the different situations in which vacancies would be filled by appointment or by election.

Nevertheless, petitioner is correct in arguing that the fact that the proposed measure would remove from office, on its effective date and perhaps in future applications, legislators elected by voters and replace them with individuals appointed by county courts or boards of commissioners[3] is a major effect of the proposed initiative and should be included in the summary. We recognize that the word limitation for the summary might allow the Attorney General to state little more than that vacancies created by the proposed measure would be filled by appointment or election, depending on

---

[3] "The appointment [to vacant legislative positions] shall be made by the county courts or boards of county commissioners of the affected counties pursuant to ORS 171.060 to 171.064." ORS 171.051(2).

when the vacancy occurs, but we are confident that that important consequence of the proposed measure can be addressed in an appropriate fashion. For the foregoing reasons, we refer the ballot title to the Attorney General for modification.

### SIMILARITY TO INITIATIVE PETITION 20 (2004) BALLOT TITLE

Because we refer the certified ballot title to the Attorney General for modification, there is no need to consider whether the certified ballot title, before modification, is improperly similar to the ballot title for Initiative Petition 20 (2004).

Ballot title referred to the Attorney General for modification.