Argued and submitted February 24, reversed and remanded September 1, 2010

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## ANDREA JO KACIN,
aka Andrea Jo Whalin,
*Defendant-Appellant.*

Lane County Circuit Court
200407322; A139622

240 P3d 1099

Bronson D. James, Chief Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Appellate Division, Office of Public Defense Services.

Karla Ferrall, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Jerome Lidz, Solicitor General.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

### LANDAU, P. J.

Defendant appeals an order revoking her probation, based on her failure to pay restitution. She argues that the trial court erred in revoking probation based solely on her late payment of restitution. We agree and reverse and remand.

The facts are not in dispute. After she embezzled almost $136,000 from her employer, defendant was charged with aggravated first-degree theft, ORS 164.057. Following a guilty plea, defendant was convicted, and she was placed on probation for five years—three years of supervised probation and two years of court probation. She paid the victim $7,500 in restitution at the time of the judgment, and she was ordered to pay the balance of the $136,000 at $50 per month. Over the course of nearly four years of probation, defendant missed a total of six monthly payments, but, in each case, "doubled up" by paying double the amount due the following month. Four of the six late payments were after defendant lost her job and was living on workers' compensation payments.

The state sought an order requiring defendant to show cause why her probation should not be revoked. The sole ground alleged in the state's motion was that defendant had failed "to pay fines, costs, restitution or other fees as required." The court issued an order to show cause, reciting as the ground alleged by the state that defendant had "failed to pay fines, costs, restitution or other fees as required."

At an initial hearing on the order, the court questioned the state about the basis for its motion to revoke probation. The prosecutor said that "[t]here was some time when [defendant] failed to make some payments. I think about three months in 2007." The court asked, "And that's what the basis of your show cause is?" The prosecutor replied, "That's right." Defendant admitted that she had failed to timely make several payments. She agreed to increase her payments to $75 per month for three months and to have the hearing on the order to show cause continued for that period. As a document captioned "Change of Plea" in the trial court file explains, "Defendant is supposed to make payments of $75.00 in April, May, and June. The Court is then to set up a

payment schedule for her to make her payments of the outstanding restitution that will address the victim's needs better than what has occurred so far."

In the meantime, defendant filed a memorandum of law in response to the state's motion to revoke probation. She argued that the trial court did not have authority to revoke probation solely on the basis of a failure to pay restitution. In support of that argument, defendant cited *former* ORS 137.540(8) (2007), *renumbered as* ORS 137.540(9) (2009), which provides that "[a] court may not order revocation of probation as a result of the probationer's failure to pay restitution unless the court determines from the totality of the circumstances that the purposes of the probation are not being served."

Defendant's counsel also represented that defendant had suffered an on-the-job injury several months previously, so that her only source of income at that time was workers' compensation. Counsel stated that defendant, who was supporting herself and her 13-year-old daughter, was receiving $1,246 per month in workers' compensation. According to counsel, after paying for rent, prescriptions, utilities, and the $75 restitution payment, defendant was left with $241 per month "for food, gas and miscellaneous items." Counsel argued that, despite her meager income, defendant had ultimately paid restitution at the monthly rate ordered, including the increased $75 per month amount. Counsel suggested that, instead of revoking defendant's probation, the court could "ask her to pay $100 a month. She could do that."

At the subsequent hearing, the trial court noted that defendant had questioned whether ORS 137.540(9) authorizes revocation of probation for failing to pay restitution. The prosecutor responded that, based on "the power granted to the Court in its ability to require restitution be paid to—in these types of cases, that inherent in that is the authority to the Court that you can revoke probation on the basis of a failure to pay that restitution." In any event, the prosecutor argued, under ORS 137.540(9), the court has authority to revoke probation if it finds that the purposes of probation have not been served. In this case, the prosecutor stated, defendant "failed to make payments. So we feel that under

the totality of the circumstances, the purposes of this probation have not been served * * *."

The trial court commented that, given the fact that ORS 137.540(9) provides that failure to pay restitution is not a ground for revocation,

"I could conclude I don't have the authority to revoke on the basis of failure to pay restitution. Quite frankly, that doesn't make any sense to me.

"If I can revoke probation because of a failure to pay a fine or failure to pay court costs or court-appointed attorney fees or compensatory fines or even supervision fees if they're alleged, then it seems to me that restitution—it would make no sense to exclude that from those considerations."

The court asked defendant to reply to its concerns in that regard. Defendant said that "the statute means what it says it means: The Court cannot revoke for failure to pay restitution." Defendant acknowledged that the court could revoke probation if it finds that the purposes of probation have not been served. She argued against such a finding, however, given the fact that, even in the face of medical and financial hardships, she had paid everything that was required.

The court ultimately decided to revoke defendant's probation. The court explained that, notwithstanding ORS 137.540(9), it possessed authority to revoke probation on the ground of defendant's failure to pay restitution:

"So it seems to me that I'm going to find, first of all—and I want to make this clear in the event somebody decides to take this issue up. This is not the first time the question of whether or not restitution alone can constitute the basis for revocation of probation [has been raised]. But for some reason—and maybe it's because those sentences that have come out of these [cases] tend to be short, it's an issue that I gather has never directly been presented to an appellate court in this state, and it would be of benefit to the bench and bar if it was.

"So I'm going to make a specific finding that I have the authority to impose a revocation of probation for a failure to pay restitution as ordered. And if that's an error, then I look forward to having the opportunity to be corrected. And I'll

be glad to fall on my sword and lead the way for everyone else if that's what it takes.

"I find that the purposes of probation are not being served, that revocation of probation should be ordered."

When the prosecutor later asked the court whether it had made a finding that, under the totality of circumstances, the purposes of probation were not being served, the court replied,

"I wouldn't say that I did that specifically, and I'm glad you reminded me.

"It is the Court's conclusion under the totality of circumstances, not just the payment of the—failure to pay the restitution, although that's a large part of it, but it's appropriate to revoke the probation."

The court entered the following order revoking defendant's probation:

"1.   On July 29, 2004, the Defendant was placed on probation as follows: On supervised probation for a period of 36 months, followed by bench probation for a term o[f] 24 months, for the crime of Aggravated Theft in the First Degree (Count 1).

"2.   On March 24, 2008 the Defendant admitted to the allegation contained in the Order to Show Cause dated November 16, 2007.

"3.   The purposes of probation are not being served."

On appeal, defendant argues that the trial court erred in revoking probation. She asserts:

"The face of the statute evidences the clear intent of the legislature—the prohibition against revoking probation based on failure to pay. That clear intent would be rendered null and void if the 'totality of the circumstances' of the second clause could be composed solely of the failure to pay restitution. That is, the 'totality of the circumstances' must involve something more than simply failing to pay restitution. There must be some other facts beyond the failure to pay to justify the revocation. In this case, those other facts are absent."

The state responds that, although the statute does provide that failure to pay restitution is not a ground for revocation, it goes on to state that a court may revoke probation based on a finding that, in the totality of the circumstances, the purposes of probation have not been served. In this case, the state contends, the court explicitly made such a finding.

■      The issue, as framed by the parties, requires that we ascertain the legislature's intent in enacting that statute. To do so, we examine the text of the statute in context, along with any relevant legislative history, and, if necessary, we apply relevant canons of statutory construction. *State v. Gaines*, 346 Or 160, 171-73, 206 P3d 1042 (2009). As noted above, the statute at issue, ORS 137.540(9), provides that "[a] court may not order revocation of probation as a result of the probationer's failure to pay restitution unless the court determines from the totality of the circumstances that the purposes of the probation are not being served."

The statute's command is straightforward and unambiguous. Only if the court determines that the totality of the circumstances demonstrate that the purposes of probation are not being served, may it order revocation of probation for failure to pay restitution. In this case, the sole ground for the state's motion to revoke probation was that defendant had failed "to pay fines, costs, restitution or other fees as required." At the hearing, the state relied solely on the fact that defendant had been late on several of her restitution payments. The prosecutor acknowledged that the statute permitted the court to revoke on that ground only if it found that, under the totality of the circumstances, the purposes of probation were not being served. The prosecutor suggested that such was the case, but the sole basis for the suggestion that the purposes of probation were not being served was that defendant had "failed to make payments."

It was in that context that the trial court ruled on the state's revocation motion. It is true that, as the state points out, the court's written order recites that "[t]he purposes of probation are not being served." The question is whether that bare recitation is sufficient to satisfy ORS 137.540(9).

■      We ordinarily review a trial court's decision to revoke probation for an abuse of discretion, *State v.*

*Hammond*, 218 Or App 574, 577, 180 P3d 137 (2008). But, "[w]hen a trial court makes a discretionary decision, the record must reflect a proper exercise of that discretion." *Olson and Olson*, 218 Or App 1, 15, 178 P3d 272 (2008); *see also State v. Mayfield*, 302 Or 631, 645, 733 P2d 438 (1987) (holding that a trial court errs as a matter of law if it "fails to make a record which reflects an exercise of discretion"). Although the court's explanation need not be lengthy or complex, it must, at a minimum, "comport with the applicable legal framework and describe the basic reasons for the court's decision." *Olson*, 218 Or App at 15; *see also State v. Donovan*, 305 Or 332, 342, 751 P2d 1109 (1988) ("If the court elects to conduct a probation revocation hearing on specific violations, the court should make specific findings."). The court must, in other words, supply enough information to enable appellate courts to engage in meaningful review of the court's exercise of discretion. *McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 185, 188, 957 P2d 1200 (1998) ("the practical needs of meaningful appellate review underlie the court's obligation to make explanatory findings" to support the exercise of discretion).

In this case, the court's bare statement that "[t]he purposes of probation are not being served" is not sufficient. We are unable to determine from the court's order, from its oral explanation from the bench at the hearing, or from the evidence offered at the hearing, what was the basis for its determination. We do not know from this record what the court believed the purposes of probation in this case to be. Nor do we know what about defendant's conduct demonstrated that those purposes were not being served. What we do know is that defendant was late with several payments. But, as we have noted, ORS 137.540(9) plainly states that that fact, by itself, is insufficient to support a decision to revoke probation.

Reversed and remanded.