Submitted January 30, 2013, affirmed March 26, petition for review denied
August 7, 2014 (355 Or 880)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

TIMOTHY JEROME LICARI,
*Defendant-Appellant.*

Clatsop County Circuit Court
106233; A147295

322 P3d 568

Peter Gartlan, Chief Defender, and Susan Fair Drake, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Anna M. Joyce, Solicitor General, and Laura S. Anderson, Senior Assistant Attorney General, filed the brief for respondent.

Before Duncan, Presiding Judge, and DeVore, Judge, and Schuman, Senior Judge.

DEVORE, J.

**DEVORE, J.**

In this criminal proceeding, defendant appeals a judgment of conviction, assigning error to the trial court's denial of his motion for a continuance, made on the morning of trial. We affirm.

The facts that relate to the issue in this case are largely undisputed. On September 12, 2010, two Seaside police officers responded to a call from an alcohol recovery facility about an intoxicated male. The officers found defendant intoxicated and belligerent. The officers placed defendant in custody, and, while defendant was being transported, he refused the officers' instructions, made threatening remarks, and kicked off the vehicle's dome light. Defendant's behavior continued at the city jail and during subsequent transport to the county jail. Portions of defendant's arrest and transport were captured on video cameras mounted on the vehicle and in the jail. Defendant was charged with resisting arrest, ORS 162.315, attempted assault of a public safety officer, ORS 163.208, second-degree criminal mischief, ORS 164.354, and second-degree disorderly conduct, ORS 166.025.

Defendant was arraigned, and defense counsel was appointed on September 13. Trial was set for November 2. At a scheduling conference on October 8, defendant was present with his attorney. The extent to which defendant and counsel were able to confer on that occasion is not evident in the record. The transcript does show that defense counsel requested a postponement of the trial date to the end of November to allow time to prepare. Defense counsel explained that he had a Measure 11 trial at the end of October, but he allowed that an additional week to prepare would be sufficient. The court set a trial date of November 9. On November 4, at a pretrial docket call, defendant was not present since he was being held out of town. The court asked defense counsel if he had been in contact with defendant. Counsel responded that he had had contact, but it had been difficult, because defendant was lodged in the Tillamook County Jail where they reportedly could not "have private

conversations." Defense counsel said that "some defendants do not like to speak, and it's hard to arrange that."

On the morning of trial, November 9, defense counsel requested another continuance. He explained that, because defendant had been held in the Tillamook County Jail, they had been unable to have "meaningful one-on-one contact without the fear that [their] conversations were being monitored, as [the jail] always announce[s] they are[.]" Defendant had been at the Tillamook County Jail until the weekend before the Tuesday trial. Defense counsel contended that he was unable to determine potential psychological issues until he met with defendant on the day before trial. Defense counsel said that he had watched the videos from the police vehicle and the jail several times[1] but could not find what had set defendant off. It was only after speaking with defendant's mother and consulting with defendant in person that counsel began to suspect that defendant might suffer from post-traumatic stress disorder. The disorder, he argued, could be relevant to whether defendant was capable of forming the criminal intent necessary for three of the charges against him. Defense counsel said:

> "[I]t wasn't until I met with him last night, * * * that I realized that if I was going to have a go at this case it was going to be on the mental state defense and try and connect the dots in a way I'm not capable of doing, but I believe an expert would."

Counsel concluded that for defendant to receive "the best defense that [he was] capable of [he would] need at least a consultation, possibly the expert testimony on the psychological issues." The court denied the request. Following a jury trial, defendant was convicted of resisting arrest, second-degree criminal mischief, and second-degree disorderly conduct. He was acquitted of attempted assault of a public safety officer.

On appeal, defendant argues that the trial court erred in denying his motion for a continuance. The state responds that a video of defendant's behavior was available to defense counsel and that the circumstances at the

---

[1] The video depicts prolonged misconduct.

Tillamook County Jail should not have precluded counsel from developing a mental state defense.[2]

We review a trial court's ruling on a motion for a continuance for abuse of discretion. *State v. Wolfer*, 241 Or 15, 17, 403 P2d 715 (1965); *State v. Dupree*, 164 Or App 413, 418-19, 992 P2d 472 (1999), *rev den*, 330 Or 361 (2000). "Discretion" refers to the authority of a trial court to choose among several legally correct outcomes. *State v. Rogers*, 330 Or 282, 312, 4 P3d 1261 (2000). "If the trial court's decision was within the range of legally correct discretionary choices and produced a permissible, legally correct outcome, then the trial court did not abuse its discretion." *Id.* If the trial court did not abuse its discretion, we may not substitute our judgment for that of the trial court even if we might have resolved the issue differently. *State v. Hug*, 186 Or App 569, 576, 64 P3d 1173 (2003), *rev den*, 335 Or 570 (2008). "Whether a denial of a continuance is improper depends on the particular circumstances of the case and the reasons presented to the court at the time the request is denied." *State v. Hickey*, 79 Or App 200, 203, 717 P2d 1287 (1986).

An example is instructive. In *State v. Burns*, 121 Or App 373, 854 P2d 961 (1993), the defendant was indicted on two counts of attempted third-degree rape. He was appointed a new attorney one month before trial. The new attorney moved for a continuance on the afternoon before trial, explaining that the case file did not contain the defendant's address and that he had been unable to meet the defendant until three days before trial. The trial court denied the motion. We affirmed, noting that nothing in the record indicated that the attorney could not have engaged in discovery and pretrial preparation during the month before trial. *Id.* at 375. We observed:

> "Defendant's attorney had an entire month following his appointment to ask the court for a continuance, but he chose to wait until the afternoon before the trial to ask for one. That procrastination placed an unreasonable burden on the state, its witnesses and the court. That is an abuse of the system."

---

[2] Neither party offered evidence to verify or rebut the reference to the circumstances surrounding communications with defendant while at the Tillamook County Jail.

*Id.* at 375-76; *see also State v. Knight,* 160 Or App 395, 400, 981 P2d 819 (1999) (no abuse of discretion where the bases for the defendant's motion for a continuance were "reasonably avoidable").

In this case, defense counsel had nearly two months after his appointment to prepare for trial. That time provided the opportunity to observe the video of defendant's unusually prolonged misbehavior and to seek to speak with him about possible defenses to the charges, such as a lack of a culpable mental state. Counsel had an opportunity to speak in person with defendant at the October 8 scheduling conference. At the pretrial docket call on November 4, defense counsel responded that he had been able to communicate with defendant, albeit with difficulty. Counsel did not request a continuance at that time. Knowing the reported limitations of the out-of-town jail, counsel could have requested an earlier transport or a private meeting, the refusal of which could have bolstered the continuance request. Considering the opportunity to request for an earlier client meeting or an earlier renewed request for continuance, the trial court acted within the range of permissible choices and did not abuse its discretion in denying defendant's motion for a continuance.

Affirmed.