RAY KLEIN, INC.,
an Oregon corporation,
dba Professional Credit Service,
*Plaintiff-Respondent,*

*v.*

Steven O'Neal WADE,
*Defendant-Appellant.*

Multnomah County Circuit Court
140303649; A156781

351 P3d 88

Steven O'Neal Wade filed the briefs *pro se.*

Wade C. Isbell filed the brief for respondent.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Flynn, Judge.

PER CURIAM

## PER CURIAM

Plaintiff brought an action against defendant, who, in response, filed a counterclaim. Plaintiff later filed a motion, entitled "Plaintiff's Motion for General Judgment of Dismissal," asking the court to "dismiss this action with prejudice and without costs to either party." Plaintiff's motion did not mention defendant's counterclaim. The trial court granted plaintiff's motion the day after it was filed.

Defendant appeals, raising multiple assignments of error. We write only to address defendant's claim that the trial court erred by granting plaintiff's motion to dismiss the action and, thereby, dismissing defendant's counterclaim. Defendant contends that, under ORCP 54 A(2), the trial court should have allowed him to proceed with his counterclaim. That rule provides, "If a counterclaim has been pleaded by a defendant prior to the service of the plaintiff's motion to dismiss, the defendant may proceed with the counterclaim."

Plaintiff acknowledges that "it is not clear from the record what factors the Trial Court considered when it entered the General Judgment of Dismissal." And, plaintiff states that he does not object to "this Court reversing the General Judgment of Dismissal with prejudice."

The record does not indicate that, in granting plaintiff's motion, the trial court was aware of defendant's counterclaim or the potential applicability of ORCP 54 A(2). Thus, even assuming that the trial court had the discretion to dismiss defendant's counterclaim, the trial court erred in doing so here, because it failed to make a record reflecting an exercise of discretion. *See State v. Mayfield*, 302 Or 631, 645, 733 P2d 438 (1987) (a trial court errs if it "fails to make a record which reflects an exercise of discretion"); *State v. Kacin*, 237 Or App 66, 73, 240 P3d 1099 (2010) (a trial court "must *** supply enough information to enable appellate courts to engage in meaningful review of the court's exercise of discretion"); *Olson and Olson*, 218 Or App 1, 15, 178 P3d 272 (2008) ("When a trial court makes a discretionary decision, the record must reflect a proper exercise of that

discretion."). Therefore, we reverse and remand for further proceedings.

Reversed and remanded.