AOYAGI, J., dissenting.
I disagree that the trial court abused its discretion when, in mother's absence, it held a prima facie trial and terminated her parental rights. In my view, the majority's approach is at odds with the trial court's broad authority under ORS 419B.819(7).
Mother's first assignment of error challenges the trial court's denial of her motion to appear by telephone. The majority discusses mother's arguments at length before ultimately deciding that it is unnecessary to rule on the first assignment. 292 Or. App. at 264-67, 423 P.3d at 788-89. For purposes of brevity, I will simply note that, in my view, it was well within the court's discretion to deny mother's last-minute motion, and I would reject the first assignment of error.[1] See ORS 419B.918(1) (permitting, but not requiring, trial court to allow telephone appearance upon timely written request for good cause shown); cf. Dept. of Human Services v. K. M. J. , 272 Or. App. 506, 511, 356 P.3d 1132 (2015) (affirming denial of motion to set aside default judgment terminating parental rights where the mother failed to obtain travel voucher and failed to stay in contact with her attorney). I would also reject, without discussion, mother's third assignment of error.
*271 As for the second assignment of error, mother asserts that the trial court abused its discretion under ORS 419B.819(7) when it proceeded to a prima facie trial in her absence over her objection. When mother did not appear on July 14, the court allowed the state to put on a prima facie case, and it ruled on the termination petitions at that time. It did so pursuant to ORS 419B.819(7), which permits the court to terminate a parent's rights "without further notice and in the parent's absence" if the parent "fails to appear for any hearing related to the petition * * * as directed by summons or court order under this section or ORS 419B.820." As part of its findings and conclusions on termination, the court made a record of its reasons for proceeding in mother's absence:
"I do want the record to note that she did have personal service, she knew she needed to be here. She knew that travel vouchers were available to her, she demonstrated that through her actions of requesting a travel voucher for a visit yesterday, which *792 she didn't ever accept, and she failed to appear. So, it's the Court's understanding that she chose not to be here in court today and knew the consequences of what would occur if she did not appear."
On appeal, mother challenges the trial court's decision to proceed to a prima facie trial. Excluding a constitutional argument that the majority does not reach, the entirety of mother's briefing on the second assignment of error is as follows:
"As already explained, ORS 419B.819(7) allows a court, in cases where a parent does not appear, to proceed with the termination of that parent's parental rights. The statute does not require that the court so proceed. Significantly, the statute states that it is a thing that the court 'may' do. Necessarily, it is a discretionary decision.
"Also as already explained, a court's discretionary decision must include enough of an explanation as to 'enable appellate courts to engage in a meaningful review of the court's exercise of discretion.' State v. Kacin , 237 Or. App. 66, 73, 240 P.3d 1099 (2010). In the present case, there is no explanation of any kind: the court simply announced that it was 'going to deny the appearance by telephone today and proceed with the prima facie .' Indeed, the record is *272 entirely consistent with the notion that the court did not understand that it was not required to proceed, immediately, with a prima facie termination trial.[2]
"[2] The things said at the end of the trial * * * do not fix the problem. That listing establishes only why the court felt it was legally authorized to proceed with a prima facie trial. It does not show that the court understood that it had a choice to make, and that it needed to have some cognizable basis for its choice."
(Emphases in original.) In context, the "things said at the end of the trial" clearly refers to the court's above-quoted statement on the record regarding mother's nonappearance.
Mother's argument should fail. Her assertion that the trial court gave "no explanation of any kind" for proceeding with a prima facie trial is directly contradicted by her own admission that the court did state on the record, as part of its findings and conclusions on the termination petitions, "why the court felt it was legally authorized to proceed with a prima facie trial." She therefore defeats her own argument. As for mother's suggestion that the court may not have understood that it was not required to proceed, nothing in the record suggests such a misunderstanding, and I agree with the majority's implicit rejection of mother's argument on that point. Thus, the argument that mother has made on appeal fails on the merits.
In order to nonetheless reverse, the majority relies on an argument that mother has not actually made, and, in the process, takes an approach to review of discretionary decision-making that has potentially troubling implications. In the footnote quoted above, mother suggests, indirectly, that the trial court's stated reason for proceeding to termination was not "cognizable." With no guidance from mother as to why she believes it was not "cognizable," the majority springboards from that assertion to creating a new requirement that the trial court must conduct some unspecified, on-the-record balancing test to justify its decision to proceed with a prima facie trial. Moreover, the majority suggests that there is a default presumption against proceeding to a prima facie trial, by requiring the state or the trial court *273 to "identif[y] any interests" that "warrant" proceeding to a prima facie trial (at least when an absent parent objects) and by suggesting that the circumstances of this case were likely inadequate to justify proceeding. 292 Or. App. at 268-69, 423 P.3d at 790.
The majority's approach is untethered to the statute. When the legislature enacted ORS 419B.819(7), it gave the trial court broad discretion to proceed with termination of parental rights if a parent fails to appear at a mandatory hearing on a termination petition. The statute says, without limitation, that the trial court "may" proceed if the parent has received a statutorily compliant summons or court order and fails to appear. ORS 419B.819(7). The legislature understands as well as we do the seriousness of termination proceedings. It understands the interests at stake for parents and children. The legislature could have required the state to meet a certain standard before the court holds a prima facie trial, or it could have *793 imposed a balancing test to limit the court's discretion. But it did not . Nothing in the statute suggests that, beyond the specific notice requirements (which it is uncontested were met in this case), the legislature intended to limit the trial court's ability to proceed to a prima facie trial in a parent's absence or to create a presumption against proceeding in the parent's absence. In my view, the majority's approach, which contains no statutory analysis, is contrary to the broad discretion that the legislature intentionally granted the trial court under ORS 419B.819(7).
We "may not substitute our judgment for that of the trial court even if we might have resolved the issue differently." State v. Licari , 261 Or. App. 805, 808, 322 P.3d 568, rev. den. , 355 Or. 880, 333 P.3d 334 (2014). Given the trial court's broad discretion under ORS 419B.819(7), I disagree with the majority that the trial court's explanation for proceeding to a prima facie trial in mother's absence was inadequate, and I disagree that the trial court abused its discretion. I also am concerned about the implications of the majority approach with respect to other broad grants of discretion.
Accordingly, I dissent.

Instead of recognizing her obligation to appear in person or show good cause not to appear in person, mother's arguments in her first assignment of error seek to shift the burden to the state to prove that her personal appearance was necessary and sufficiently convenient. As for the trial court's statement that it would not telephone mother without the other parties' consent, the court made that statement solely in the context of its own sua sponte suggestion to call her. Once mother moved to appear by telephone, the court heard argument from both parties on the merits of the motion before denying it.