LAGESEN, P. J.
*186 *1226 Defendant appeals a judgment revoking his probation. The trial court revoked defendant's probation after finding that, by failing to comply with his probation officer's repeated directives to complete work crew, defendant violated the statutorily required general condition of his probation requiring him to "[r]eport as required and abide by the direction of the supervising officer." ORS 137.540(1)(m). In view of our recent opinion in State v. Hardges , 294 Or. App. 445, 432 P.3d 268 (2018), we conclude that the court's revocation decision was based on a mistaken understanding of ORS 137.540(1)(m). See State v. Jury , 185 Or. App. 132, 136, 57 P.3d 970 (2002), rev. den. , 335 Or. 504, 72 P.3d 636 (2003) (explaining that error is determined based on the law that exists at the time of appeal rather than the time of the trial court's ruling). The state-correctly-concedes the point under Hardges .
The question is whether we may affirm nonetheless. The trial court also stated that it found that defendant was not amenable to supervision and that the purposes of probation were not being met. The state contends that, based on those statements, we may affirm on the ground that the court's revocation determination is supported by an independent and adequate basis. Defendant contends that we may not do so for several reasons. Based on our review of the record and applicable law, we agree with defendant. We therefore reverse and remand.
OAR 213-010-0001 makes the decision to revoke probation in a felony case a discretionary matter for the trial court. It states that "[t]he decision to revoke probation is discretionary and may be exercised upon a finding that the offender has violated one or more of the conditions of probation, or that the offender has participated in new criminal activity." OAR 213-010-0001. Even so, statutes and administrative rules set boundaries on a trial court's discretionary revocation authority. Thus, to the extent that a court's discretionary decision to revoke probation turns on the interpretation or application of a statute or administrative rule, we review the court's revocation decision for legal error. Hardges , 294 Or. App. at 448, 432 P.3d 268.
*187 The pertinent facts are largely procedural and not disputed. Defendant pleaded no contest to charges of aggravated harassment, ORS 166.070, and interfering with a firefighter or EMT, ORS 162.257. The trial court sentenced him to probation on the harassment charge, and 30 days of jail on the other charge. The court imposed the general conditions of probation identified in ORS 137.540, including the general condition that defendant "[n]ot use or possess controlled substances except pursuant to a medical prescription," ORS 137.540(1)(b), and the general condition that defendant "[r]eport as required and abide by the direction of the supervising officer," ORS 137.540(1)(m). The court also imposed a number of special conditions of probation, including the condition that defendant "[r]efrain from knowingly associating with persons who use or possess controlled substances illegally."
Three months or so after defendant was sentenced, his probation officer directed him to take a drug test; the test was positive for opiates and THC. Defendant's probation officer sanctioned him with four days of work crew. Defendant failed to complete the sanction. His probation officer gave him a second chance to do so. Defendant did not avail himself of the opportunity. Around the same time, defendant's probation officer received word from a police officer that defendant had been allowing a person on supervision for controlled substance offenses, Easom, to stay with him.
Defendant's probation officer then recommended revoking defendant's probation, and the state initiated this probation revocation *1227 proceeding. The probation violation report alleged that defendant had violated the conditions of his probation in two respects:
"1. VIOLATION OF GENERAL CONDITION 13: [defendant] failed to abide by Probation Officer directive by not completing his work crew sanction successfully.
"2. VIOLATION OF SPECIAL CONDITION: [defendant] violated his special condition of refraining from knowingly associating with persons who use or possess controlled substances illegally by allowing *** Easom a known drug user, to stay at his residence."
(Boldface and uppercase in original.)
*188 At the hearing, the state made little effort to prove the second alleged violation and focused, instead, on the first.[1] The state argued that it had proved that defendant's probation officer had directed him to complete work crew and defendant had not done so, thereby violating the general condition of probation under ORS 137.540(1)(m) requiring him to abide by the directives of his probation officer. Defendant responded that the trial court could not revoke probation based on his failure to comply with the probation officer's directive to complete work crew because, under our opinions in State v. Rivera-Waddle , 279 Or. App. 274, 379 P.3d 820 (2016), and State v. Maag , 41 Or. App. 133, 597 P.2d 838 (1979), it is not permissible to revoke probation for violation of a condition imposed by a probation officer, rather than the sentencing court, notwithstanding a condition of probation requiring the defendant to abide by the directives of the probation officer. The court recessed to consider the case law cited by defendant. When the hearing resumed the next day, the prosecutor proposed that the court might have the authority to revoke defendant's probation on an alternative basis. Recognizing that the case law cited by defendant might preclude a finding that defendant's conduct violated the conditions of his probation, the prosecutor explained that, under "older cases," the court could revoke probation for three reasons: "upon a new crime, upon violating a condition of probation, or if the Court finds that the purposes of probation are not being met." The prosecutor acknowledged there was a question whether the older cases remained valid in light of the rules of the Criminal Justice Commission governing revocation of probation: "When I checked the OAR though, that was not, that portion that the conditions of, or the purposes of probation aren't being met was not found there." She nonetheless urged the court to conclude that, in view of defendant's conduct as a whole, probation should be revoked on the ground that "the purposes of probation are *189 not being met," even if the court could not find that defendant violated a condition of probation.
The trial court found that defendant was "in violation of probation and *** even if he isn't in violation of probation, he's unwilling to be supervised." Based on those findings, the court revoked probation. The court characterized defendant's conduct of failing to complete work crew as a violation of the terms of his probation, and also emphasized that, in its view, defendant had had multiple chances to conform his conduct to the expectations of probation. The court then sentenced defendant to 31 months' incarceration. Defendant appealed, assigning error to the trial court's revocation of his probation.
In the interim, we decided Hardges . There, we expanded upon and clarified our holding in Rivera-Waddle . Construing ORS 137.540(1)(m) (setting forth condition of probation to "[r]eport as required and abide by the direction of the supervising officer"), we explained that the provision "must be read as a whole: A probationer fails to 'abide by the direction of the supervising officer' within the meaning of that provision only when the officer's direction relates to the requirement that the probationer '[r]eport as directed.' " Hardges , 294 Or. App. at 452, 432 P.3d 268. Consequently, when a probation officer's directive is unrelated to the defendant's reporting *1228 obligations, the defendant's failure to abide by the directive, as a matter of law, is not a violation of the general condition of probation established by ORS 137.540(1)(m).
In view of Hardges , the parties agree-and so do we-that the trial court's determination that defendant violated the general condition of probation requiring him to abide by the directives of a probation officer by not completing work crew is incorrect. The probation officer's work crew directive did not pertain to defendant's reporting obligation and, thus, is not the type of directive on which a violation of ORS 137.540(1)(m) can be founded. As the state ultimately did not attempt to establish that defendant's conduct violated the conditions of his probation in any other way, this record supplies no basis to conclude that defendant violated a condition of his probation.
*190 Notwithstanding that error, the state argues that we should affirm. Noting the trial court's additional finding that defendant was "unwilling to be supervised" and its determination that the purposes of probation were not being met, the state contends that the court's revocation decision can be sustained based on that finding and conclusion.
We disagree for two reasons. First, although the state is correct that the trial court found that, even in the absence of a violation, defendant was unwilling to be supervised, the court explained its decision to revoke by referring multiple times to the fact that defendant was in violation of the terms of his probation. Thus, as defendant puts it in his brief, "the trial court's conclusion that 'the terms of probation are not serving any useful purpose' was inextricable from its legally erroneous conclusion that defendant violated a 'specific term of probation.' " In other words, the court's mistaken belief that defendant's conduct violated the terms of his probation appears to have played a role in its decision to revoke, even to the extent that that decision was predicated on the court's view that defendant was not willing to be supervised and that the purposes of probation were not being served.
Second, as the prosecutor recognized below, authority to revoke probation in the absence of a violation or a new crime[2] -a power recognized by judicial decisions predating the rules of the Oregon Criminal Justice Commission-did not make its way into the commission's rules.
By legislative directive, those rules define the scope of a trial court's probation revocation authority in felony cases: "For defendants sentenced for felonies committed on or after November 1, 1989, the court that imposed the probationary sentence may revoke probation supervision and *191 impose a sanction as provided by rules of the Oregon Criminal Justice Commission." ORS 137.545(5)(b) ; see also ORS 137.545(1) (providing that probation for felonies committed on or after November 1, 1989, is "[s]ubject to the limitations in ORS 137.010 and to rules of the Oregon Criminal Justice Commission"); State v. Martin , 221 Or. App. 78, 84-89, 188 P.3d 432 (2008) (Sercombe, J., concurring) (explaining that rules of the Criminal Justice Commission "regulate judicial discretion in the making of probation revocation decisions").
As mentioned earlier, OAR 213-010-0001 provides that "[t]he decision to revoke probation is discretionary and may be exercised upon a finding that the offender has violated one or more of the conditions of probation, or that the offender has participated in new criminal activity." As the concurring opinion in Martin recognized, the plain terms of that rule make a trial court's exercise of its revocation authority contingent on a finding of either a violation or a new crime. See Martin , 221 Or. App. at 88, 188 P.3d 432 (Sercombe, J., concurring).
*1229 Opposing that conclusion, the state contends that that rule can be read to allow for revocation in circumstances other than those identified in the rule, including circumstances in which the defendant has not violated the conditions of probation. According to the state, the rule's reference to the findings that can justify the exercise of a trial court's revocation authority are simply that-a statement that "the court may exercise its discretion on two different findings." That reading of the rule would render it largely superfluous; the Criminal Justice Commission's decision to identify the specific types of findings that trigger a court's revocation authority would serve no practical purpose if the rule is construed to permit a court to exercise revocation authority even absent such findings. That militates against the state's proposed reading of it.
Beyond that, the context of the rule lends further support to the conclusion that the Criminal Justice Commission did not intend to authorize revocation absent a violation of a condition of supervision or the commission of a new crime. On the contrary, the terms of the rules *192 governing the imposition of probation revocation sanctions explicitly contemplate that a revocation decision necessarily will be triggered by the finding of a violation. Notably, OAR 213-012-0040(2) provides:
"When an offender is serving multiple terms of probationary supervision, the sentencing judge may impose revocation sanctions for supervision violations as provided by OAR 213-010-0002 for the violation of each separate term of probationary supervision.
"(a) If more than one term of probationary supervision is revoked for a single supervision violation, the sentencing judge shall impose the incarceration sanctions concurrently.
"(b) If more than one term of probationary supervision is revoked for separate supervision violations, the sentencing judge may impose the incarceration sanctions concurrently or consecutively."
The rule, by its plain terms, makes the structure of revocation sanctions for offenders serving more than one probationary term contingent entirely on the number of distinct violations of the terms of probation. Omitted from the rule are any specifications addressing the structure of revocation sanctions in the absence of a violation of the conditions of probation. That omission further signals that the Criminal Justice Commission did not intend to authorize the revocation of probation in the absence of a finding that an offender had violated the conditions of probation either by committing a new crime or in some other way. For that reason, we are unable to sustain the trial court's revocation decision on the alternative basis advocated by the state.
That leaves the question of disposition. As we have explained, under Hardges , defendant's failure to complete his work crew sanction does not constitute a violation of his conditions of probation. Additionally, as we have further explained, under OAR 213-010-0001, the trial court is not permitted to exercise its discretionary authority to revoke probation absent the finding of a new crime or other violation of the conditions of probation. And, as noted earlier, the state made little attempt to prove the second alleged violation in this case and did not adduce legally sufficient *193 evidence to prove that violation. All of that means that this record supplies no basis on which the trial court permissibly could make the requisite findings to exercise its discretionary revocation authority. However, ORS 137.540 gives the trial court the discretionary authority to "at any time modify the conditions of probation," and ORS 137.545(1) gives the court discretionary authority to continue or extend probation, subject to certain statutory limitations and the rules of the Criminal Justice Commission. Thus, although the trial court may not revoke defendant's probation on this record, it does have the authority to alter the terms of defendant's probation. We therefore reverse and remand for further proceedings consistent with this opinion.
Reversed and remanded.

The state elicited some testimony regarding defendant's association with Easom, but did not introduce evidence that would support a finding that defendant knew that Easom was a person who used or possessed controlled substances illegally. And the state ultimately did not argue to the trial court that it had proved the second alleged violation. Rather, it argued that it had "proved, at least, the first allegation that [defendant] did not abide by the directive of his *** PO."

We note that ORS 137.540(1)(j) requires, as a general condition of probation, that the probationer "[o]bey all laws, municipal, county, state and federal." Thus, the commission of a new crime necessarily constitutes a violation of that general condition of probation. Under some circumstances, the legislature has made revocation of probation mandatory when an offender violates the conditions of probation by committing a new crime. See ORS 137.712(5) ("Notwithstanding ORS 137.545(5)(b), if a person sentenced to probation under this section violates a condition of probation by committing a new crime, the court shall revoke the probation and impose the presumptive sentence of imprisonment under the rules of the Oregon Criminal Justice Commission.").