ORTEGA, P. J.
*446 In her consolidated appeal, defendant seeks reversal of judgments revoking her probation, which were based on the trial court's determinations that she violated conditions of her probation and that the purposes of probation were not being met. On appeal, defendant asserts that the trial court abused its discretion in revoking her probation. We agree and, consequently, we reverse and remand.
The relevant facts are largely procedural and undisputed. After defendant entered guilty pleas to four felonies in two cases, she was sentenced to five years' probation. Defendant agreed to conditions of probation that required her to engage in drug and alcohol treatment as directed by her probation officer, live in clean and sober housing, and not change her address without permission from her probation officer. After defendant violated the rules of the clean and sober housing facility where she was living, her recovery mentor asked her to find other clean and sober housing facility. However, defendant was not evicted, and she continued to live in the same facility.
The state alleged that defendant violated probation by changing her address without her probation officer's permission and the special condition that requires her to reside in clean and sober housing. After a hearing, the court found that defendant had violated the conditions of her probation and that the purposes of probation were no longer being met. The court revoked defendant's probation and imposed 44 months' incarceration.
At the hearing, there was extended discussion and testimony regarding defendant's conduct in her housing placement, the substance of which we summarize here. The rules at the clean and sober housing facility required that defendant obtain permission to have a visitor stay overnight during the week. After defendant had her daughter over night without first obtaining permission, defendant's recovery mentor reiterated the house rules to her. Defendant became upset that her housemates had "snitched," which led to a "heated" discussion between defendant and her housemates. Defendant made no specific threats against anyone, but her recovery mentor put her on a behavioral plan, *447 giving her 30 days to change her conduct. The plan required defendant to speak "nicely" to her housemates, refrain from intimidating anyone, and follow the house rules. Defendant later apologized to her housemates during a house meeting and followed her behavioral plan.
At some point, defendant's probation officer was notified about the incident that led defendant to be placed on the behavioral plan and, after a conversation with defendant, he concluded that defendant was not taking "accountability for her behavior" and that she did not see how her outburst affected her housemates. However, he was not aware that defendant had apologized to her housemates because he did not speak to her recovery mentor or anyone from the house.
Because defendant continued to have her daughter in the house without permission in *561 violation of the house rules, defendant's recovery mentor asked defendant to find another clean and sober housing facility that would provide her with more structure. She was not given an eviction date or a deadline to find another facility. When defendant contacted another facility, the manager denied her application because he felt that defendant was "not accountable" for her actions. Shortly thereafter, defendant was arrested for violating the conditions of her probation-more specifically, the state alleged that defendant violated probation by changing her address without her probation officer's permission and the special conditions that require her to reside in clean and sober housing. However, at the time of her arrest, defendant was still living in the home and had not been evicted. In revoking probation and imposing 44 months' incarceration, the court concluded that defendant was not exhibiting accountability because she does not "follow direction" and still wants "to do what [she] want[s] to do."
On appeal, defendant contends that the record does not support the court's determination that she violated the probation condition that required her to live in clean and sober housing and that the court's determination that the purposes of probation were no longer being met was based on the court's conclusion that there had been a violation.
As to the court's first determination, the state concedes, and we agree, that the record does not show that *448 defendant violated the condition that she remain in clean and sober housing. As to the second, we agree with defendant that the court's determination that the purposes of probation were not being met was based on its erroneous conclusion that defendant had violated the condition. Beyond that, the record reads as though the court is evaluating defendant's general character and worthiness. Consequently, the court abused its discretion in revoking defendant's probation.
We note that the record does not provide a basis on which the trial court could revoke defendant's probation. See State v. Kelemen , 296 Or. App. 184, 190-92, 437 P.3d 1225 (2019) (a trial court may revoke a defendant's felony probation based only on a determination that the defendant has violated a condition of probation or that the defendant has committed a new crime); see also OAR 213-010-0001 ("The decision to revoke probation is discretionary and may be exercised upon a finding that the offender has violated one or more of the conditions of probation, or that the offender has participated in new criminal activity."). Defendant's general character and worthiness does not provide such a basis. However, as described in Kelemen , the trial court has the authority to modify the conditions of probation ( ORS 137.540(9) ) or continue or extend probation, subject to statutory limitations and the rules of the Criminal Justice Commission ( ORS 137.545(1) ). 296 Or. App. at 192-93, 437 P.3d 1225. We therefore reverse and remand for further proceedings consistent with this opinion.
Reversed and remanded.