256 February 26, 2025 No. 160

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LEONEL ORLANDO MARTINEZ,
*Defendant-Appellant.*

Union County Circuit Court
17CR08560, 18CR64136; A179737 (Control), A179738

Thomas B. Powers, Judge.

Submitted November 21, 2024.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and John Evans, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rolf C. Moan, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

SHORR, P. J.

Remanded for resentencing; otherwise affirmed.

**SHORR, P. J.**

In this consolidated criminal appeal, defendant appeals from two judgments revoking his probation and imposing a total of 186 months in prison and two years' post-prison supervision. The trial court revoked defendant's probation after finding that he violated the terms of his probation by: (1) failing to report as directed, (2) failing to complete a substance abuse evaluation, (3) failing to abide by the direction of the probation officer, and (4) failing to register as a sex offender as required. Defendant raises 11 assignments of error. His first five assignments challenge the trial court's findings of probation violations and its discretionary decision to revoke probation in each case. As explained below, we reject those assignments of error. He contends in his remaining assignments that, on each count in which it revoked probation, the trial court erred by declaring defendant ineligible for sentence modification programs under ORS 137.750(1). The state concedes that the trial court erred in that regard, and we accept the state's concession. Accordingly, we remand for resentencing and otherwise affirm.

We begin with defendant's first two assignments of error, which challenge the trial court's revocation of probation in Case No. 17CR08560 and Case No. 18CR64136. We review a trial court's decision revoking probation for abuse of discretion. *State v. Kacin*, 237 Or App 66, 72, 240 P3d 1099 (2010). If the trial court's decision was within the range of legally correct discretionary choices, then the trial court did not abuse its discretion, even if we might have resolved the issue differently. *State v. Licari*, 261 Or App 805, 808, 322 P3d 568, *rev den*, 355 Or 880 (2014). Whether legally sufficient evidence supports a finding that a defendant violated a probation condition presents a question of law. *State v. Stroud*, 293 Or App 314, 318, 428 P3d 949 (2018).

At the probation revocation hearing, defendant's probation officer testified that on at least two occasions defendant failed to report on time on the designated day. Defendant does not contest that there was legally sufficient evidence for the trial court to find that he violated the condition that he report to his probation officer as required.

Accordingly, the trial court was within its discretion to revoke defendant's probation.[1] OAR 213-010-0001 (providing that a court may revoke probation "upon a finding that the offender has violated one or more of the conditions of probation"); ORS 137.540(7) ("Failure to abide by all general and special conditions of probation may result in * * * revocation of probation."). Moreover, the trial court stated that it would have revoked probation based on any one of the conditions it found that defendant had violated, rendering any error in finding additional violations harmless. *See State v. Monroe*, 275 Or App 563, 565, 365 P3d 140 (2015) (affirming revocation where a single probation violation was well founded, when the trial court stated that it would have revoked probation based on any one of multiple violations). We therefore do not address assignments of error three through five, which challenge the other probation violations that the trial court found. We conclude that the trial court's decision to revoke defendant's probation was within the range of its discretion.

Turning to defendant's remaining assignments of error, he argues that the judgments incorrectly denied him certain programming under ORS 137.750(1), and that he was not required to preserve his claim of error because the error appeared in the first instance in the judgments. *See* ORS 137.750(1) (providing that a court shall order a defendant be considered for certain programs unless it "finds on the record in open court substantial and compelling reasons to order that the defendant not be considered for such leave, release or program"). The trial court did not make the requisite findings in open court. The state agrees and concedes that defendant is entitled to resentencing. We accept the state's concession and remand for the trial court to remedy its failure to comply with ORS 137.750(1).

Remanded for resentencing; otherwise affirmed.

---

[1] Defendant contends that the trial court abused its discretion in revoking probation based on minor violations. However, defendant develops no legal argument and cites no law that minor violations of probation cannot result in the revocation of probation and a return to defendant's original stipulated sentence.