146 June 4, 2025 No. 509

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHNNY DEON TAYLOR,
*Defendant-Appellant.*

Lane County Circuit Court
21CR45700; A183106

Kamala H. Shugar, Judge.

Submitted May 15, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Anna R. Johnson, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant appeals from a judgment revoking his probation. In a single assignment of error, defendant contends that the trial court acted arbitrarily and capriciously in revoking probation based on a single probation violation. Assuming that that argument is preserved and reviewing for abuse of discretion, *State v. Kelemen*, 296 Or App 184, 191-92, 437 P3d 1225 (2019), we affirm.

Defendant does not dispute that he violated his probation by missing a meeting with his probation officer and failing to report; rather, he argues that a single violation amounts to an insufficient basis to revoke his probation. The state contends that the record reveals additional violations, and, in any event, a single violation is a sufficient basis to revoke probation. We agree with the state on this record; defendant violated his probation, and the trial court acted within its discretion in revoking it. *See* OAR 213-010-0001 ("The decision to revoke probation is discretionary and may be exercised upon a finding that the offender has violated one or more of the conditions of probation, or that the offender has participated in new criminal activity."); *Kelemen*, 296 Or App at 191 ("[T]he plain terms of [OAR 213-010-0001] make a trial court's exercise of its revocation authority contingent on a finding of either a violation or a new crime."); *State v. Licari*, 261 Or App 805, 808, 322 P3d 568, *rev den*, 355 Or 880 (2014) (explaining that, if the trial court's decision was within the range of legally permissible options, "we may not substitute our judgment for that of the trial court even if we might have resolved the issue differently").

Affirmed.