148 June 4, 2025 No. 510

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

NOAH NELSON EILER,
*Defendant-Appellant.*

Lane County Circuit Court
20CR13832, 20CR61871, 21CR30195, 21CR37992;
A183210 (Control), A183211, A183212, A183213

Bradley A. Cascagnette, Judge.

Submitted May 15, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Emily P. Seltzer, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Julia Glick, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant appeals from a judgment revoking his probation. In a single assignment of error, defendant contends that the trial court acted arbitrarily and capriciously in revoking his probation because his conduct did not undermine the probation's purposes. Reviewing for abuse of discretion, *State v. Kelemen*, 296 Or App 184, 191-92, 437 P3d 1225 (2019), we affirm.

Defendant does not dispute that he violated his probation; rather, he argues that he had "largely complied" with probation requirements and had only been sanctioned once before incurring the current violation. The state responds that defendant engaged in a "pattern of noncompliance": he frequently failed to report and attend appointments, had never attended work crew sanctions, and had absconded for supervision for six months, triggering the issuance of a warrant for his arrest. The state also argues that a single violation is a sufficient basis to revoke probation.

We agree with the state on this record; defendant violated his probation, and the trial court acted within its discretion in revoking it. *See* OAR 213-010-0001 ("The decision to revoke probation is discretionary and may be exercised upon a finding that the offender has violated one or more of the conditions of probation, or that the offender has participated in new criminal activity."); *Kelemen*, 296 Or App at 191 ("[T]he plain terms of [OAR 213-010-0001] make a trial court's exercise of its revocation authority contingent on a finding of either a violation or a new crime.").

Affirmed.