Submitted November 8, reversed and remanded December 21, 2016

In the Matter of A. M. W.,
a Child.
DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

A. I. W.,
*Appellant.*

Grant County Circuit Court
2325JU; A162215

388 P3d 1236

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Shannon Flowers, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Erin K. Galli waived appearance for respondent.

Before Sercombe, Presiding Judge, and Flynn, Judge, and DeHoog, Judge.

**FLYNN, J.**

This appeal arises out of the Department of Human Services' (DHS) petition, pursuant to ORS 109.070(5)(b)(C), to change the designation of paternity as to the child, A. The petition sought to disestablish paternity as to the man who signed a Voluntary Acknowledgement of Paternity (VAP) at the time of A's birth ("legal father") and to establish paternity as to appellant, who is A's biological father. Appellant argues that the court erred in failing to make a record sufficient to permit review of the court's discretionary decision to decline to set aside the VAP and seeks a remand for the juvenile court to make that record. DHS has waived appearance and indicated to us that its position is "aligned" with appellant's, and neither the mother nor legal father, who both participated in the proceedings below, have appeared on appeal. We agree that the record is not sufficient to permit us to review the juvenile court's exercise of discretion and, accordingly, reverse and remand.

Under ORS 109.070(5)(f), a VAP "shall" be set aside "[i]f the court finds by a preponderance of the evidence that the acknowledgment was signed because of fraud, duress or material mistake of fact, * * * unless, giving consideration to the interests of the parties and the child, the court finds that setting aside the acknowledgment would be substantially inequitable." A trial court's equitable determinations are a matter of discretion, although we may choose to review those determinations *de novo*. ORS 19.415(3); *see Stuart and Ely*, 259 Or App 175, 180, 313 P3d 317 (2013) (applying abuse of discretion standard to the trial court's determination of what constituted "just and equitable" spousal support).

At the hearing, uncontested evidence established that, at the time that A was born, legal father was present and signed the VAP. At the time that legal father signed the VAP, he believed that he might be the biological father; however, later genetic testing confirmed that appellant is the biological father. In November 2014, DHS placed A with his half and full siblings in the home of legal father and legal father's mother and stepfather. A remained in that placement at the time of the hearing in February 2016. At

the time of the hearing, mother was residing with biological father.

After a hearing on the issue, the court took the matter under advisement and issued a letter opinion denying DHS's petition to change the designation of paternity. In its opinion, the court determined that legal father had signed the VAP due to a material mistake of fact. However, after "giving consideration to the interests of the parties and the child" the court ruled that setting aside the VAP would be "substantially inequitable."

Although the court recognized that it needed to consider "'pro' and 'con' factors" before exercising its discretion, we are unable to determine what "con" factors convinced the court that it would be "substantially inequitable" to establish paternity with appellant and thus, whether the court's decision fell within the range of legally acceptable choices. The court identified "two factors that weighed positively for [appellant]"—"that he seemed able to articulate an understanding of A[] and his needs that exceeded [legal father] (who clearly relies on his mother to assist him), and he has an established relationship with A[], spending time camping with him." The court then observed: "[c]onversely, there are several factors about [appellant] that are not in his favor," but did not identify those factors.

On this record, the court's explanation is insufficient. When a trial court exercises discretion, the court's "explanation need not be lengthy or complex" but it must "at a minimum, 'comport with the applicable legal framework and describe the basic reasons for the court's decision.'" *State v. Kacin*, 237 Or App 66, 73, 240 P3d 1099 (2010) (quoting *Olson and Olson*, 218 Or App 1, 15, 178 P3d 272 (2008)). If the trial court fails to supply enough information regarding the reasons for its decision, we cannot engage in meaningful review. *See McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 185, 188, 957 P2d 1200 (1998) ("the practical needs of meaningful appellate review underlie the court's obligation to make explanatory findings" to support the exercise of discretion). Here, we cannot determine what the trial court relied on as factors that were so strongly "not in [appellant's] favor" that they persuaded the court that it would be "substantially

inequitable" to establish paternity with appellant. As a result, we are unable to review whether the trial court properly exercised its discretion.

Reversed and remanded.