PER CURIAM
*708 Appellant appeals a judgment committing him to the mental health division for up to 180 days under ORS 426.130(1)(a)(C) and an order prohibiting him from purchasing or possessing firearms under ORS 426.130(1)(b)(D). Appellant assigns error to the trial court's refusal to grant a continuance for appellant to obtain legal counsel of his choice. We review that decision for abuse of discretion. State v. Cook , 190 Or. App. 568, 569, 79 P.3d 373 (2003).
At the beginning of the commitment hearing, appellant said that he did not want to be represented by appointed counsel. He said that he had a specific attorney he wanted to retain, and he provided the name. He said that he had been unable to contact the attorney *258 because he had been denied access to a phone. Appellant's appointed counsel also stated that he-appointed counsel-had not had an opportunity to locate the attorney. The trial court denied appellant's motion for a continuance because the person appellant named was not present at the hearing and because the court was apparently unsure whether the named person was an attorney.[1]
ORS 426.100(2) provides, as relevant here, that a person alleged to have a mental illness has a right to counsel when the person is detained under ORS 426.070 and in a commitment hearing under ORS 426.095. ORS 426.100 (3)(a) provides that the person has a right to obtain suitable legal counsel. ORS 426.100(3)(e) provides, in part, that, when a person is being detained before a commitment hearing, the right to contact an attorney or to have an attorney appointed "may be exercised as soon as reasonably possible." ORS 426.095(2)(c) provides, in part, that, if requested, the court may, for good cause, postpone the hearing for up to five judicial days "to allow preparation for the hearing."
The state concedes that, "under these specific circumstances, the trial court abused its discretion in not granting a brief continuance to give appellant an opportunity to contact" the attorney. We agree and accept the state's *709 concession. We therefore reverse the judgment of commitment and the firearms order. State v. R. C. S. , 291 Or. App. 489, 490, 415 P.3d 1164 (2018) (reversing both order of commitment and firearms order).
Reversed.

It appears that the trial court did not attempt to look up the name in the Oregon State Bar member directory.