PER CURIAM
*839 The trial court committed appellant to the custody of the Oregon Health Authority for a period not to exceed 180 days and entered an order prohibiting appellant from purchasing or possessing firearms after determining that he was a danger to himself or others because of a mental disorder. See ORS 426.005(1)(f)(A). On appeal, he argues that the court erred in failing to grant his motion for a continuance to allow him an opportunity to review recently produced discovery, including police reports, medical records, videos, audio recordings, and hundreds of photographs. The state concedes that, because the motion for a continuance was unopposed and appellant's counsel had not had an opportunity to review that discovery with appellant, the court abused its discretion when it denied the motion. See State v. C. C. , 190 Or. App. 568, 569, 79 P.3d 373 (2003) (concluding that the court had abused its discretion in denying a motion for a continuance under analogous circumstances). We agree, accept the state's concession, and reverse the commitment judgment and the order prohibiting the purchase or possession of firearms.[1]
Reversed.

Although the state concedes that the judgment must be reversed, it proposes that we "reverse and remand for a new hearing." We have routinely reversed outright rather than remanding in civil commitment proceedings, even in the case of procedural errors-including in cases in which the trial court erred in denying a motion for a continuance. See, e.g. , State v. J. J. S. , 297 Or. App. 707, 708-09, 441 P.3d 257 (2019) (reversing a judgment of commitment and related firearms order after accepting the state's concession that " 'the trial court abused its discretion in not granting a brief continuance' "). In the absence of a developed argument as to why our well-established practice is wrong, we decline to depart from it.