No. 692          October 2, 2024          289

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of G. B.,
a Person Alleged to have Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

G. B.,
*Appellant.*

Multnomah County Circuit Court
22CC05513; A179656

Rebecca A. Lease, Judge.

Submitted October 23, 2023.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Reversed.

**POWERS, J.**

In this civil commitment proceeding, appellant appeals from a judgment committing him to the Mental Health Division of the Oregon Health Authority for a period not to exceed 180 days and an order prohibiting him from purchasing and possessing a firearm on the basis that he is a person with a mental disorder and is a danger to himself and is unable to provide his basic personal needs. *See* ORS 426.130(1)(a)(C); ORS 426.005(1)(f)(A), (B). Appellant argues in a single assignment of error that the trial court abused its discretion in denying his motion for a continuance for three reasons: (1) there was insufficient time to prepare for the hearing; (2) when the trial court ruled on the motion, there was no longer an articulated reason for the state's objection; and (3) the court did not provide a reason for the denial. As explained below, given the totality of the circumstances before the trial court when it ruled, we conclude that the court made a choice outside the permissible range of discretion when it denied appellant's motion for a second continuance. Accordingly, we reverse.

ORS 426.095(2)(c) provides that a trial court may, if there is good cause, postpone a civil commitment hearing for not more than five judicial days to allow more time to prepare for a hearing. A decision on whether to grant a postponement is reviewed for abuse of discretion. *State v. C. C.*, 190 Or App 568, 569, 79 P3d 373 (2003). Generally, a trial court abuses its discretion when it makes a choice outside the permissible range of choices. *See, e.g.*, *Espinoza v. Evergreen Helicopters, Inc.*, 359 Or 63, 117, 376 P3d 960 (2016) (explaining that a discretionary decision is legally impermissible if it is "based on predicate legal conclusions that are erroneous or predicate factual determinations that lack sufficient evidentiary support").

The relevant facts are undisputed and mainly procedural in nature. Appellant sought and received a one-day continuance when the civil commitment hearing initially began around 4:00 p.m. the day before making a motion for a second continuance. The following morning, which was a Tuesday, the trial court asked appellant and appellant's counsel whether they had an opportunity to consult with

each other since the hearing the day before. Appellant told the court that he needed more time to consult with counsel, and the trial court granted a brief recess to allow more time for appellant and his counsel to confer.

When the hearing reconvened about 15 minutes later, appellant's counsel made the motion that is the subject of this appeal: "[Appellant] requests a further continuance. * * * He needs more time to prepare. It's unclear to me the medical reasons for which he was transferred from [the hospital] have been resolved yet. So, [appellant] asks for a continuance to next Monday if possible." The state opposed the motion explaining that the witnesses showed up the day before and were present for the hearing, but that the state did not know "how probable it is again to ask them a third time to please be here." The state also asked for clarification on the reason for the continuance—whether it was based on medical reasons or because appellant needed time to contact witnesses. Appellant clarified that a continuance was sought for both reasons and further explained that he needed more time to develop the theory of the case, to prepare defenses, and to talk to possible witnesses. Ultimately, the trial court deferred ruling on the motion and proceeded to take evidence from the state's witnesses and have appellant examined on the record.

During his examination, appellant testified that the prior witnesses were incorrect. Appellant explained, "I have records that the schizophrenia and bipolar were on the former resident there. I have actual factual proof of this in writing, that that was the other person's diagnosis, schizophrenia and bipolar. I have PTSD only." Later, when the trial court asked if there was anything else it should know, appellant told the court, "I told you about the medication and the diagnosis does belong to another client[.] * * * I have actual proof of that in writing. I do have it, ma'am."

After completing its questioning of appellant, the trial court asked if appellant had any witnesses to call. When appellant told the court that there were no witnesses, the trial court immediately denied the motion for a continuance without explanation:

"THE COURT:   And [appellant's counsel], are there any other witnesses for [appellant]?

"[APPELLANT'S COUNSEL]:   No, Your Honor.

"THE COURT:   I am going to rule on the motion to set over the hearing. That motion is denied. We will go ahead and take a recess in just a few minutes."

On appeal, appellant challenges the trial court's decision to deny the motion for a second continuance because there was insufficient time to prepare for the hearing, there was no longer a valid objection when the trial court ruled on the motion, and the trial court failed to provide a reason for the denial. As explained below, the trial court's denial was outside the range of permissible discretion given the circumstances.

As noted above, the state's objection to the continuance was only that the hearing had already been postponed once and it was unclear if the witnesses would show up for a third time. The court deferred its ruling on the motion and took evidence from the state's witnesses. After the state finished presenting evidence, the court denied the ruling without explanation. We agree with appellant's argument that the state's only objection to the continuance became moot when the court took evidence from the state's witnesses.

To the extent that the state argues that appellant's reasons for the continuance were too vague, we reject that argument. As described above, appellant's initial hearing was at approximately 4:00 p.m. on a Monday. After the trial court granted the one-day postponement, there were less than 20 hours to prepare and investigate appellant's medical issues related to his recent transfer. In asking for the second continuance, appellant explained that he had not had an opportunity to consult with his counsel between the hearings. Appellant's counsel further explained that appellant wanted an additional continuance because they needed more time to develop the theory of the case, prepare defenses, and talk to possible witnesses. Moreover, appellant asserted twice that he believed that testimony from the state's witnesses regarding his diagnoses were incorrect and that he had documents proving his claim. Thus,

we agree with appellant's arguments that there were valid reasons for the postponement and that the reasons were not vague.

The case is similar to *C. C.*, in which we reversed a civil commitment after accepting the state's concession and concluding that the trial court abused its discretion when it denied a motion to postpone a hearing where the appellant's attorney offered a valid reason for a postponement, the state did not oppose it, and the court denied it for no apparent reason. 190 Or App at 569. In this case, before denying the motion, the trial court knew that appellant's request was based on an insufficient opportunity to contact potential witnesses and, at the time it denied the request, the court had appellant's testimony that questioned the accuracy of his medical diagnoses. Further, the state's only articulated reason for objecting to the motion was moot when the court made its ruling. Thus, any predicate factual determinations that could have supported the denial of the motion lacked sufficient evidentiary support. In short, given the totality of the circumstances before the trial court when it ruled, we conclude that the court made a choice outside the permissible range of discretion when it denied appellant's motion for a second continuance. Accordingly, we reverse. *See State v. W. A. B.*, 298 Or App 838, 839 n 1, 445 P3d 952 (2019) (explaining that, in the context of civil commitment proceedings, we routinely reverse outright—instead of reverse and remand—even in the case of procedural errors).

Reversed.