No. 334          April 16, 2025          711

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of N. S.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

M. J. S.
*Appellant.*

Douglas County Circuit Court
22JU00063; A184551

Ann Marie Simmons, Judge.

Argued and submitted February 18, 2025.

Sarah Peterson, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Shannon Storey, Chief Defender, Juvenile Appellate Section, Oregon Public Defense Commission.

Stacy M. Chaffin, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, Lagesen, Chief Judge, and Hellman, Judge.*

ORTEGA, P. J.

Affirmed.

_____

\* Lagesen, Chief Judge *vice* Mooney, Senior Judge.

**ORTEGA, P. J.**

This juvenile dependency appeal challenges four judgments that together disestablished appellant as child's legal parent and established child's biological father as her legal parent, also setting aside appellant's voluntary acknowledgment of paternity (VAP) that had been in effect since child's birth. Appellant assigns error to all of those rulings, arguing that the trial court abused its discretion in determining that setting aside the VAP would not be substantially inequitable and, in the alternative, that the court failed to adequately explain its decision. He seeks reversal of the judgments. This record reflects some concerning behavior on the part of the Department of Human Services (DHS); however, on the limited issues before us, we conclude that the trial court acted within its allowable discretion and provided adequate reasoning for its decision. Therefore, we affirm.

By way of context, ORS 109.070(4)(b) provides that paternity may be established by filing a VAP with the State Registrar of the Center for Health Statistics. However, if the VAP "was signed because of fraud, duress or material mistake of fact, the court shall set aside the acknowledgment unless, giving consideration to the interests of the parties and the child, the court finds that setting aside the acknowledgment would be substantially inequitable." ORS 109.070(6)(f). In this case, appellant does not challenge the trial court's determination that the VAP was signed because of fraud or material mistake of fact; he challenges only the trial court's rejection of his contention that it would be substantially inequitable to set aside the VAP. We review the juvenile court's equitable determination for abuse of discretion. *Dept. of Human Services v. A. I. W.*, 283 Or App 89, 90, 388 P3d 1236 (2016).

We state only those facts that are relevant to the challenged rulings. Shortly after child's birth in December 2021, appellant filed the VAP upon being informed by mother that he was child's biological father. DHS took jurisdiction over child two months later because she was born dependent on substances. Appellant was incarcerated throughout the life of this case and therefore had limited opportunities to

bond with child, though he persistently made efforts in that regard. Mother, who is not a party to this appeal, has since relinquished her parental rights.

DHS did not assist with arranging for visits between child and appellant for more than a year, finally beginning in March 2023. From that point on, appellant participated in weekly virtual calls with child and bimonthly in-person visits. Although several witnesses reported that appellant was attentive to child during those visits, other testimony suggested that it was unlikely that child could form a secure attachment with appellant given her young age and the frequency of visits. Additionally, the logistics of contact—that is, traveling a significant distance, staying in unfamiliar hotels, and subjecting child to contact with people she did not know well—proved difficult for child and caused her distress. Nevertheless, appellant remained dedicated to becoming a good parent to child.

In June 2023, mother disclosed to DHS that appellant was not child's biological father, but that Theall, another incarcerated person, was the father. A DNA test confirmed Theall's paternity in October 2023, and he expressed interest in pursuing a parental relationship with child. Soon after, child's attorney petitioned to set aside appellant's VAP. DHS then petitioned to establish Theall as a parent in the dependency case.

Based on those petitions, and despite appellant's opposition, the trial court set aside appellant's VAP, disestablished him as a parent in the dependency case, and established Theall as a parent. The trial court provided the following reasoning:

> "While I would concur with the argument that it is entirely [DHS]'s fault that [appellant] did not develop the depth of relationship that we would hope for a parent who is incarcerated I can't say in this circumstance that the relationship is such that it would be in the interest of [child] to continue the storyline that was entered into at her birth.
>
> "* * * * *
>
> "* * * [Appellant entered] custody shortly after [child]'s birth. In the interim [DHS] did almost nothing for the first

year and a half of this child's life to encourage a relationship between [appellant] and [child].

"And the net result is, *** I can't find at this point that the best interest of the child is served by continuing with [appellant] in place of *** Theall as it relates to parentage. I also can't find reasonable efforts in this case.

"*****

"The fact that I cannot find that she has developed a bond or attachment that would be similar to that of a parent with [appellant] does not mean that he hasn't served a role in her life as an adult in her life who cares about her."

We share the trial court's concerns regarding DHS's lack of reasonable efforts and its ultimate responsibility for the lack of a parental relationship between appellant and child, but we conclude that the juvenile court did not abuse its discretion in making its ruling.

Under ORS 109.070(6)(f), the court was required to set aside the VAP because it was signed by mistake or fraud *unless* doing so would be substantially inequitable after giving consideration to the interests of the parties and the child. Appellant argues that the trial court did not give proper consideration to his interests in its reasoning. *See A. I. W.*, 283 Or App at 91 (holding that the court's explanation as to why it would be substantially inequitable to set aside a voluntary acknowledgment of paternity was insufficient because it did not identify the factors that would make that ruling substantially inequitable). In light of the statute's terms, we disagree.

For a court's explanation to be sufficient, "it must at a minimum, comport with the applicable legal framework and describe the basic reasons for the court's decision." *Id.* (internal quotation marks omitted). Here, the juvenile court's explanation met that standard. The court recognized that appellant had an interest in developing a relationship with child that was frustrated by DHS's lack of efforts in fostering that relationship. The court also found that appellant did in fact develop a caring relationship with child but that the relationship was not parental in nature. Under those circumstances, the court concluded that it would not

be substantially inequitable to set aside the VAP. The court applied the correct legal framework and provided reasons sufficient for our review to be meaningful. Further, given the circumstances, its ruling was not an abuse of discretion. *See, e.g.*, *State v. G. B.*, 335 Or App 289, 290, 558 P3d 412 (2024) ("[A] trial court abuses its discretion when it makes a choice outside the permissible range of choices."). In addition to the court's express findings about the nature of the bond between appellant and child, we note that the record shows that child "is not likely capable to form a secure attachment to [appellant] due to the circumstances surrounding their contact so far," given that physical contact is limited to the "prison visit setting," and "traveling to these visits can negatively impact how the attachment is formed with [appellant]." In making its decision, the court considered and weighed the parties' and child's interests and made a decision that was legally permissible.

Affirmed.